**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT JACKSON**

**MAY 1997 SESSION**

FILED

September 10, 1997

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | **C.C.A. NO. 02C01-9603-CR-00083** |
| Appellee, | ) | |
| | ) | **SHELBY COUNTY** |
| VS. | ) | |
| | ) | **HON. JAMES C. BEASLEY, JR.,** |
| **CLEOPHES CARTER,** | ) | **JUDGE** |
| | ) | |
| Appellant. | ) | (Certified Question of Law) |

**CONCURRING OPINION**

I concur fully in the results reached by the author in his opinion. However, I concur in results only because of the defendant's failure to comply with the guidelines set out in State v. Preston, 759 S.W.2d 647 (Tenn. 1988), and reaffirmed in State v. Pendergrass, 937 S.W.2d 834 (Tenn. 1996). I note that the defendant was represented by counsel at the time his plea was entered, and the trial court expressly advised the defendant "if you decide you want to appeal your matter: you have a right to do so under the guidelines of 37(b)(i)." This advice by the trial judge was after the defendant had previously indicated his desire to appeal the search issue and his desire to represent himself. The transcript also indicates that the defendant had entered, on the guilty plea form, "37(b)(2)(i)."[1]

The defendant was represented by counsel at the time he entered his plea but chose to represent himself on appeal. There is no order in the record indicating that

---

[1] This section of the Rules of Criminal Procedure provides for an appeal, after a guilty plea, of a certified question of law.

a certified question was reserved at the time of his plea, even though this matter was discussed and the trial judge advised the defendant it would have to be done timely and properly. For this reason, I would dismiss the appeal for failure to comply with the requirements of <u>Preston</u>.

_____
JOHN H. PEAY, Judge