IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

OCTOBER 1998 SESSION

FILED

December 21, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 01C01-9712-CR-00590 |
| | ) | |
| | ) | Putnam County |
| v. | ) | |
| | ) | Honorable John Maddux, Judge |
| | ) | Honorable John Turnbull, Judge |
| STUART ALLEN JENKINS, | ) | |
| | ) | (Certified question of law) |
| Appellant. | ) | |

For the Appellant:

William A. Cameron
100 S. Jefferson Avenue
Cookeville, TN 38501

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Daryl J. Brand
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243-0493

William Edward Gibson
District Attorney General
        and
Shawn Fry
Assistant District Attorney General
145 S. Jefferson Avenue
Cookeville, TN 38501-3424

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

**O P I N I O N**

The defendant, Stuart Allen Jenkins, was convicted upon his plea of guilty in the Putnam County Criminal Court to driving under the influence of an intoxicant (D.U.I.), first offense, a Class A misdemeanor. He was sentenced as a Range I, standard offender to eleven months and twenty-nine days confinement in the Putnam County jail with all but forty-eight hours suspended and the remainder to be served on probation. He was fined three hundred and sixty dollars. He appeals as of right upon a certified question of law. See T.R.A.P. 3(b); Tenn. R. Crim. P. 37(b). The state questions whether the defendant has properly reserved a certified question of law. We affirm the trial court.

The defendant was originally charged with D.U.I., D.U.I. per se, simple possession of marijuana and possession of drug paraphernalia. The charges were brought after a police officer stopped the defendant upon a suspicion of D.U.I. based upon an anonymous informant's report and the officer's personal observations. The defendant filed a motion to suppress all evidence obtained after the stop, claiming that the stop was unconstitutional because the officer lacked specific, articulable facts on which to justify it. The trial court denied the defendant's motion, and the defendant entered into a plea agreement whereby he pled guilty to D.U.I. in exchange for having the remaining charges dismissed.

The judgment form filed January 6, 1998, does not reflect that the defendant reserved a certified question of law, nor does it incorporate by reference an order setting forth a certified question of law. However, the record reflects that on November 14, 1997, the date that the trial court accepted the defendant's guilty plea, the trial court entered an agreed order relative to the certified question of law. The order provides as follows:

2

This matter came on to be heard on the 30th day of September, 1997 and October 30, 1997, upon the Defendant's Motion to Suppress, said Motion having been heard by the Court and overruled by Judge John Turnbull. The parties agreed at the time that if the Motion to Suppress had been sustained it would have been dispositive and determinative of the case and the case against the Defendant would have been dismissed. Following that order overruling the Motion to Suppress the Defendant on November 14, 1997, entered a plea of guilty to DUI First Offence [sic] reserving his right to appeal upon the issue of the suppression motion and all parties understood that the appeal was as to the correctness of the overruling of the Motion to Suppress and if incorrect would have resulted in a dismissal of the Defendant and would have been dispositive of the case.

Be it therefore, ORDERED, ADJUDGED AND DECREED that all parties, including the Court, agree that the issue on appeal is the correctness of the order overruling the Motion to Suppress and that said Motion would be dispositive of this case. Further, by agreement Judge John Maddux is to sit by interchange upon taking the plea of guilty and entering this order by prior agreement with Judge John Turnbull. The appeal will be from a ruling issued by Judge John Turnbull.

The initial question before us is whether the defendant has properly reserved a certified question of law to invoke our jurisdiction.

In State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988), our supreme court succinctly specified the requirements for reserving a certified question of law so as to invoke appellate jurisdiction:

Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved.

Our supreme court has had occasion to show that strict adherence to the Preston requirements is expected. See State v. Pendergrass, 937 S.W.2d 834, 836-37 (Tenn. 1996).

In the present case, the final judgment does not contain a statement of the dispositive certified question of law. Likewise, the agreed order relating to the

dispositive nature of the motion to suppress fails to specify in any manner the scope or limits of the legal issue reserved. We view the order's statement that the issue on appeal is the correctness of the order overruling the motion to suppress as not descriptive of any issue in the case. Under these circumstances, we can only say that the defendant failed to follow the procedural requirements in <u>Preston</u>. Counsel should take <u>Preston</u> to heart.

On the other hand, we note that the motion to suppress raises several issues as follows:

> There were insufficient specific and articulable facts to pull the Defendant over and effect the stop made by the officer. Therefore, everything from the illegal stop forward was fruit of the poison tree and should be suppressed. Further, the Defendant was not mirandized [sic] and any statements the Defendant made at the time of the stop without being mirandized [sic] should be suppressed.

> The Defendant would aver that on March 24, 1997, on I 40 [sic] west of the 284 mile marker Trooper Reaker Bass pulled the Defendant over without sufficient reason.

From the whole record, we can determine that the dispositive question of law relates to whether the trooper had reasonable suspicion to believe that the defendant was driving under the influence of an intoxicant so as to justify his stopping the defendant's car under the Fourth Amendment of the United States Constitution and Article I, Section 7 of the Tennessee Constitution.

Thus, although <u>Preston</u> has not been followed, the record discloses that the parties and the trial court agreed that the issue of the legality of the stop of the car was dispositive of the case and was to be appealed by the defendant. Moreover, we believe that the record reflects that the issue is finite in scope, adequately stated, and is dispositive of the case. In this respect, the record contains the information of concern in <u>Preston</u>, although it does not do so in one order or in the judgment. In order for substance to prevail over form, we will consider the issue presented by the defendant.

4

At the suppression hearing, Tennessee Highway Patrol Trooper Reaker Bass testified that on March 24, 1997, the patrol dispatcher notified him to be on the lookout for a gold Bronco with license plate number HFW 598. He said that the dispatcher advised him that it had been reported as possibly involving a drunk driver. The vehicle was last seen westbound on Interstate 40 around mile marker 299. Trooper Bass testified that ten to fifteen minutes later, he got behind a gold Jeep Cherokee with the same plate number going west on Interstate 40 around mile marker 285.

Trooper Bass testified that he observed the vehicle for approximately one mile and that it was weaving excessively in the roadway. He explained that this meant more than twice and said that "when they continuously do it, that's excessive." He then stopped the defendant for suspicion of driving under the influence. On cross-examination, he acknowledged that the vehicle's weaving did not go out of the defendant's lane of traffic. Also, he acknowledged that photographs represented to be of the vehicle he stopped showed a vehicle that looked silver, not gold. The defendant testified that his vehicle is a silver Jeep Cherokee, although he acknowledged that his license plate number matched the one Trooper Bass received.

The record also reflects that the relevant highway patrol dispatch log was submitted to the trial court as a supplement to the record. The discussion among the trial court and the attorneys regarding the log indicates that two calls regarding a vehicle with the defendant's license plate number were received, one being a 9-1-1 call from a cellular telephone. Unfortunately, the record does not contain either the photographs of the defendant's vehicle presented at the hearing or the dispatch log that was submitted as a supplemental exhibit.

5

The trial court found that the matching license plate number and excessive weaving were sufficient to justify the trooper's stop of the vehicle in terms of him having reasonable suspicion based upon articulable facts that the defendant was driving under the influence of an intoxicant, given the informant's information and the trooper's observations. We agree with the trial court.

In reviewing the trial court's denial of the suppression motion, we accept the trial court's findings of fact unless the evidence preponderates otherwise. See State v. Yeargan, 958 S.W.2d 626, 629 (Tenn. 1997). However, the law that was applied to those facts is reviewed de novo. Id.

The police may stop a vehicle if they have reasonable suspicion based upon specific and articulable facts that an occupant is violating the law. See United States v. Brignoni-Ponce, 422 U.S. 873, 881, 95 S. Ct. 2574, 2580 (1975); Hughes v. State, 588 S.W.2d 296, 305 (Tenn. 1979). Reasonable suspicion may be based upon an anonymous caller's tip provided that the circumstances show that the information is sufficiently reliable – a reliability that is less than that required for probable cause. See Alabama v. White, 496 U.S. 325, 330, 110 S. Ct. 2412, 2416 (1990); State v. Pully, 863 S.W.2d 29, 32 (Tenn. 1993).

As Pully indicates, the analysis involves consideration of the informant's basis of knowledge and reliability and of any corroborating circumstances known to the police. Id. In the present case, although there is no expressed statement of personal knowledge by the informant, the proximity in the time of the call to Trooper Bass' sighting of the vehicle, the specific location of the vehicle provided by the informant, and the nature of the offense reflect that the informant had firsthand knowledge of the matters reported to the police. Id. Likewise, the detailed description of the vehicle and its particular location as corroborated by Trooper Bass' observations lend credibility to

6

the informant. Finally, the weaving observed by Trooper Bass, albeit within the defendant's lane of traffic, is another circumstance that lends credence to the potential for a drunk driver as stated by the informant. Moreover, with the existence of the circumstances, the potential for serious harm created by a drunk driver on the interstate is a factor that supports justification for the investigatory stop. See Id. at 33-34.

We conclude that the trial court correctly denied the defendant's motion to suppress. The judgment of conviction is affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
Paul G. Summers, Judge

_____
Joe G. Riley, Judge