STATE of Tennessee, Appellee,

v.

David PRESTON, Appellant.

Supreme Court of Tennessee,
at Nashville.

Sept. 6, 1988.

Petition to Rehear Denied
Oct. 24, 1988.

W.J. Michael Cody, Atty. Gen. and Reporter, Charles E. Bush, Asst. Atty. Gen., Nashville, for appellee.

Lew Conner, R.E. Lee Davies, Waller, Lansden, Dortch & Davis, Nashville, for appellant.

OPINION

FONES, Justice.

The issue in this case is whether defendant, in pleading nolo contendere to a drug charge, explicitly reserved the right to appeal a certified question of law that was

dispositive of the case, in accord with the requirements of Tenn.R.Crim.P. 37(b)(2)(i).[1]

The Court of Criminal Appeals held that defendant had failed to include any reference to the reservation of a certified question of law in any of the orders entered in the trial court in the course of disposing of defendant's plea of nolo contendere. Thus, the Court of Criminal Appeals did not reach the merits of the issue defendant sought to reserve, to-wit: whether his confession was admissible in evidence. We reverse and remand to the Court of Criminal Appeals.

Defendant's motion to suppress his statement was heard on 24 May 1985, and denied at a later date. On 21 November 1985, defendant appeared in open court with counsel for a hearing on his plea of nolo contendere. On that date defendant signed and filed a three page petition entitled "Petition to Enter Plea of Nolo Contendere". Therein defendant asserted in detail that he had been fully advised of the rights that have been mandated by the courts in *State v. Mackey*, 553 S.W.2d 337 (Tenn.1977), and its progeny, and that he understood his plea of nolo contendere, the punishment he could receive for the offense charged, and the punishment that he could receive for the offense pled to. Other matters not relevant to the issue before us were included. Suffice it to say, we conclude that the scope of the order indicates that it was basically a form order mandated by a local rule to be used when pleas of not guilty and nolo contendere were being entered to assist the trial court in complying with constitutional requirements and *Mackey* in the taking of such pleas.

The 21 November 1985, petition also contained the following paragraph:

Pursuant to Rule 37(b)(2), I explicitly reserve with the consent of the State the right to appeal the admissibility of my confession, which is dispositive of this case, to the Court of Criminal Appeals; and if the Court of Criminal Appeals determines that said confession is inadmissible, the charges will be dismissed. This nolo contendere plea is absolutely conditional upon my right to appeal the above question.

Proceedings on defendant's plea of nolo contendere were had in open court on that date and an order entered bearing that same date, which is obviously a form order, signed by the trial judge, but not by either counsel for defendant or anyone representing the district attorney's office. The opening paragraph recites that the cause came on to be heard on defendant's petition for waiver of trial by jury, request that the court accept his plea, etc., and that "said petition being attached hereto and incorporated by reference herein". The order then sets out ten findings of fact covering defendant's understanding of his rights and concludes with the court finding that both the plea tendered and the punishment recommended by the State were acceptable to the court, without specifying therein the punishment. The reduced offense recommended by the State was that of attempt to commit a felony by attempting sale of a controlled substance, with punishment of not more than three years and a fine of $1,000. Clearly, the recitation in the order that the petition was attached and incorporated into the order was deemed to render unnecessary the repetition of the punishment or in fact of any other material that might otherwise have appeared in the order.

On 6 December 1985, defendant filed a motion for suspended sentence that contained the recitation that "defendant's en-

---

1. That rule reads as follows:
    (b) When an Appeal Lies.—An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction:
    ....
    (2) Upon a plea of guilty or nolo contendere if:
    (i) Defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the state and of the court the right to appeal a certified question of law that is dispositive of the case....

T.R.A.P. 3(b) provides for such an appeal. A Tenn.R.Crim.P. 37(b)(2) appeal cannot be pursued as a T.R.A.P. 9 appeal, which the record indicates this defendant attempted prior to the present appeal.

try of a plea of nolo contendere was based upon the ultimate admissibility of his confession, an extremely close question of law."

A hearing was held on 11 December 1985 on his motion for a suspended sentence or probation and the final order from which defendant's appeal was taken was entered on that date, denying the request for a suspended sentence, giving reasons therefor, and imposing the sentence recommended by the State as recited in the 21 November petition. However, the trial judge provided that after serving six months of the three year sentence defendant would be placed on probation for a period of five years.

There is no question but that the record in this case supports the finding that the defendant entered a plea of not guilty expressly conditioned upon a reservation of his right to appeal the question of the admissibility of the statement he gave officers, and that the district attorney general's office and the trial judge consented to the plea, the reservation of that question of law and that it was dispositive of the case.

The Court of Criminal Appeals reached the conclusion that defendant had failed to explicitly reserve a precise question of law to be decided on appeal either in the order granting the petition or in the final judgment in the trial court, from which this appeal was prosecuted. Relying upon several reported and unreported cases of the Court of Criminal Appeals and *State v. Jennette*, 706 S.W.2d 614 (Tenn.1986), the intermediate court found that defendant had not complied with the explicit certification of a question of law requirement.

In *Patterson v. State*, 684 S.W.2d 110 (Tenn.Crim.App.1984), the Court of Criminal Appeals found that the record did not contain any showing whatever that there was a compliance with the formal steps required by Tenn.R.Crim.P. 37(b)(2)(i). There was no indication that the trial judge had consented to the reserved question of law, or identified it, or passed on the dispositive test of the proposed issue.

In *State v. Wilkes*, 684 S.W.2d 663 (Tenn. Crim.App.1984), defendant's appeal was held deficient principally because the trial judge failed to agree and certify that the question of law defendant proposed to reserve was dispositive of the case.

No application for permission to appeal was filed in *Patterson* or in *Wilkes*. Neither case directly involved the deficiency found by the Court of Criminal Appeals in the instant case.

The Court of Criminal Appeals relied in part upon *State v. Jennette, supra*, an opinion of this Court that was released after the final judgment of the trial court was filed in the instant case. In *Jennette*, defendant had pled guilty to a charge of manufacturing marijuana for resale and attempted to reserve questions of law for review on appeal pursuant to Tenn.R.Crim. P. 37(b)(2)(iv). We dealt with defendant's compliance with the prerequisites for such an appeal as follows:

Nowhere in the order of the trial court is a dispositive certified question stated, nor does the same appear in a written motion to suppress filed by appellees. Instead, at the suppression hearing counsel for appellees stated that there were "several issues" involved in the case including "a whole range of Fourth Amendment questions and Article I, Sec. 7 questions of the Tennessee Constitution...."

In the Court of Criminal Appeals and in this Court appellees have sought to raise a large number of questions involving the broad field of search and seizure without any specification or certification from the trial court and without demonstrating how most of these questions could be dispositive of the case.

Apparently the State raised no objection to the procedure followed, and the Court of Criminal Appeals accepted the case for review. It resolved most of the questions against appellees, but sustained their position on one issue. The Court of Criminal Appeals then dismissed the charges in their entirety, despite the fact that this single issue could not have been dispositive under the facts and circumstances of the case.

*Id.* at 615.

The implication in the first sentence of the above quote is that the rule requires

that a dispositive certified question of law be stated in the final order of the trial court from which the appeal is taken, or at least in some prior portion of the record. However, neither in the rule itself, nor in *Jennette*, nor in any reported case, do we find a mandate that the certified question of law be stated in the final order of the trial court. Nor do we find any mandate with respect to how the question of law must be stated other than what may be derived from the natural and ordinary meaning of the word "certified."

■ For that lack of specificity, the incorporation by reference of defendant's petition to accept his plea of nolo contendere into the order of the trial judge accepting his plea and the punishment recommended by the State, wherein appears the statement quoted hereinabove will be held in this case to be sufficient compliance with the requirement that a dispositive certified question of law be stated.

■ This is an appropriate time for this Court to make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites to the consideration of the merits of a question of law certified pursuant to Tenn.R.Crim.P. 37(b)(2)(i) or (iv). Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. Without an explicit statement of the certified question, neither the defendant, the

State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to Tenn.R.Crim.P. 37 have been dismissed because the certified question was not dispositive. Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified. No issue beyond the scope of the certified question will be considered.

The judgment of the Court of Criminal Appeals dismissing this appeal is reversed and this case is remanded to that court for a determination of whether the admissibility of defendant's statement or confession is dispositive of the case and, if found to be so, to decide the merits of the question. If the question is determined not to be dispositive, the appeal should be dismissed.

Costs are adjudged against the State.

HARBISON, C.J., and COOPER and DROWOTA, JJ., concur.

O'BRIEN, J., not participating.

## OPINION ON PETITION TO REHEAR

Defendant has filed a petition to rehear wherein he, "seeks amplification of the Court's holding regarding whether the confession question 'is dispositive of the case.'"

Defendant professes to be puzzled at our direction to the Court of Criminal Appeals that it determine whether the admissibility of defendant's confession is dispositive of the case, when, says defendant, this Court has addressed that question and answered

it in the affirmative. The latter assertion is incorrect.

We held that the district attorney general's office and the trial judge had agreed with defendant that the admissibility of the confession was dispositive of the case. That finding is one of the prerequisites that must be met before the appellate courts will consider the merit of the certified question. Implicit in defendant's petition to rehear is the notion that the appellate courts are bound to accept as dispositive any certified question that the district attorney general and the trial judge agree is dispositive. That is likewise incorrect.

■ Before reaching the merits of a certified question, the appellate courts must first determine that the district attorney general and the trial judge have found the certified question to be dispositive of the case and then determine if the record on appeal demonstrates how that question is dispositive of the case. *State v. Jennette,* 706 S.W.2d 614, 615 (Tenn.1986). If the appellate court does not agree that the certified question is dispositive, appellate review should be denied.

The petition to rehear is respectfully denied at defendant's cost.

HARBISON, C.J., and COOPER and DROWOTA, JJ., concur.

O'BRIEN, J., not participating.