IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

AUGUST 1996 SESSION



**FILED**

**February 12, 1997**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

STATE OF TENNESSEE,      )
                                    )
            APPELLEE,     )
                                    )      No. 03-C-01-9509-CC-00272
                                    )
                                    )      Morgan County
v.                                )
                                    )      E. Eugene Eblen, Judge
                                    )
                                    )      (Possession of Marijuana while an Inmate
                                    )       in a Correction Institution)
BENNY SLUDER,         )
                                      )
             APPELLANT.    )

FOR THE APPELLANT:

Walter B. Johnson, II
Assistant Public Defender
P.O. Box 334
Harriman, TN 37748

OF COUNSEL:

Joe H. Walker
District Public Defender
P.O. Box 334
Harriman, TN 37748

FOR THE APPELLEE:

Charles W. Burson
Attorney General & Reporter
500 Charlotte Avenue
Nashville, TN 37243-0497

Eugene J. Honea
Assistant Attorney General
450 James Robertson Parkway
Nashville, TN 37243-0493

Charles E. Hawk
District Attorney General
P.O. Box 703
Kingston, TN 37763

Frank A. Harvey
Assistant District Attorney General
P.O. Box 703
Kingston, TN 37763

OPINION FILED:_____

APPEAL DISMISSED

Joe B. Jones, Presiding Judge

# O P I N I O N

The issue this Court must resolve is whether the appellant, Benny Sluder, is entitled to maintain this appeal after he failed to comply with the requirements of Rule 37(b)(2), Tennessee Rules of Criminal Procedure and State v. Preston, 759 S.W.2d 647 (Tenn. 1988) until approximately eight (8) months after the entry of the judgment. After a thorough review of the record, the briefs of the parties, and the authorities which govern this issue, it is the opinion of this Court the appellant's appeal must be dismissed.

On the 18th day of May, 1992, the Morgan County Grand Jury returned an indictment charging the appellant with the possession of marijuana while an inmate in a correctional institution. Tenn. Code Ann. § 39-16-201. The offense allegedly occurred on January 18, 1992.

The appellant entered a plea of guilty on October 12, 1994. The trial court sentenced the appellant pursuant to a plea bargain agreement. It was agreed the appellant was a Range III persistent offender, his punishment should be confinement for ten (10) years in the Department of Correction, and the sentence was to be served consecutively to the sentences he was serving when he committed the offense. The trial court's judgment was entered February 15, 1995.

The record establishes the appellant made no effort to preserve any issues for appellate review when he entered the plea of guilty. The first indication the appellant was going to file a supplement appears in his brief, which was filed with the clerk on November 20, 1995. The introduction portion of the brief states:

> This record presents an appeal by agreement of a certified question of law pursuant to TRAP [sic] 37(b)(2)(I) by Benny Sluder from the Judgment of the Court dated February 15, 1995. . ., to be amended and supplemented in the record pursuant to TRAP 24.

The State of Tennessee filed its brief on January 18, 1996. The state contends in its brief the appellant's appeal should be dismissed because he failed to preserve the issues he presents for review pursuant to the requirements of Tenn. R. Crim. P. 37(b)(2)(i) and State v. Preston, supra. The supplement to the record was not filed with the clerk of

this Court until February 1, 1996.  This portion of the record contains an order entered on November 20, 1995, which seeks to amend the trial court's judgment of February 15, 1995. This "Amended Order" states in part:

> The parties agree and the Court concurs that the issues of the Motion to Dismiss filed by the Defendant, specifically the selective prosecution of the Defendant and the violation of the Defendant's right to a speedy trial, is to be preserved for appeal purposes. To this end the parties agree that these issues are case dispositive pursuant to Tenn. R. Crim. P. 37(b)(2)(i).

This case is governed by the recent Supreme Court opinion in State v. Pendergrass, _____ S.W.2d _____ (Tenn. 1996).  In Pendergrass, the judgment was final when the trial court attempted to amend it to grant the appellant the right to appeal a certified question of law dispositive of the prosecution.  Our Supreme Court held a trial court may not amend a final judgment to accomplish this purpose.

Since the judgment entered after the sentencing hearing did not provide the right of the appellant to appeal a certified question of law dispositive of the prosecution, the appeal must be dismissed.

_____
JOE B. JONES, PRESIDING JUDGE

CONCUR:


_____
PAUL G. SUMMERS, JUDGE


_____
DAVID G. HAYES, JUDGE

3