# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

### AUGUST SESSION, 1998

FILED

September 23, 1998

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | C.C.A. NO. 01C01-9709-CC-00394 |
| | ) | |
| Appellee, | ) | |
| | ) | LINCOLN COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. CHARLES LEE, JUDGE |
| TIMMY BEAVERS, | ) | |
| | ) | |
| Appellant. | ) | (FIRST DEGREE MURDER) |

FOR THE APPELLANT:                    FOR THE APPELLEE:

CURTIS H. GANN                        JOHN KNOX WALKUP
District Public Defender              Attorney General & Reporter

DONNA L. HARGROVE                     ELIZABETH B. MARNEY
Assistant Public Defender             Assistant Attorney General
                                      2nd Floor, Cordell Hull Building
JOHN H. DICKEY                        425 Fifth Avenue North
Assistant Public Defender             Nashville, TN 37243

MICHAEL D. RANDLES                    WILLIAM MICHAEL McCOWN
Assistant Public Defender             District Attorney General
P.O. Box 1119
Fayetteville, TN 37334                WEAKLEY E. BARNARD
                                      Assistant District Attorney General
                                      Marshall County Courthouse, Room 407
GERALD L. GULLEY, JR.                 Lewisburg, TN 37091
P.O. Box 1708
Knoxville, TN 37901-1708
(ON APPEAL ONLY)

OPINION FILED _____

AFFIRMED; APPEAL DISMISSED

THOMAS T. WOODALL, JUDGE

# OPINION

This appeal by Defendant Timmy Beavers attempts to present a certified question of law pursuant to Rule 3(b) of the Tennessee Rules of Appellate Procedure and Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure. The certified question Defendant attempts to present to this Court involves the trial court's denial of a motion to suppress certain evidence obtained from Defendant. Because we conclude that this matter is not properly before us, the judgment below is affirmed and the appeal is dismissed.

On October 2, 1995, a search warrant was issued and samples of Defendant's hair, saliva, and blood were obtained. On September 17, 1996, Defendant was indicted on one count of premeditated first degree murder. Defendant filed a motion to suppress the DNA samples, and following a hearing, the trial court ordered the evidence to be suppressed. On April 22, 1997, the State filed a second motion to obtain hair, saliva, and blood samples from Defendant. The trial court granted the State's motion and issued an order and second search warrant to obtain the samples from Defendant. On May 23, 1997, a superseding indictment was issued, charging Defendant with one count of premeditated murder and one count of murder committed during an attempted rape. The initial indictment was dismissed. On June 30, 1997, Defendant filed a second motion to suppress the seized samples of hair, saliva, blood, and some clothing. The trial court denied this motion on September 16, 1997. A judgment was entered on July 29, 1997, on Defendant's "best-interest" guilty plea to second degree murder with an agreed sentence of thirty (30) years. The judgment form reflects that Defendant reserved the right to appeal the trial

court's "ruling on motion to suppress." Defendant filed his notice of appeal on August 29, 1997.

Rule 37(b)(2)(I) of the Tennessee Rules of Criminal Procedure provides in pertinent part as follows:

> (b) An appeal lies from any order or judgment in a criminal proceeding where the law provides for such appeal, and from any judgment of conviction: (2) upon a plea of guilty or nolo contendere if: (I) defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the State and of the court the right to appeal a certified question of law that is dispositive of the case.

Our supreme court has also prescribed guidelines that must be adhered to in order to perfect an appeal by Rule 37(b)(2)(I). In State v. Preston, 759 S.W.2d 647 (Tenn. 1988), and again in State v. Pendergrass, 937 S.W.2d 834 (Tenn. 1996), the court held:

> This is an appropriate time for this Court to make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites to the consideration of the merits of a question of law certified pursuant to Tenn. R. Crim. P. 37(b)(2)(I) or (iv). **Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question**, absent a constitutional requirement otherwise. Without an explicit statement of the certified question,

> neither the defendant, the State nor the trial judge can make a meaningful determination of whether the issue sought to be reviewed is dispositive of the case. Most of the reported and unreported cases seeking the limited appellate review pursuant to Tenn. R. Crim. P. 37 have been dismissed because the certified question was not dispositive. Also, the order must state that the certified question was expressly reserved as part of a plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case. Of course, **the burden is on defendant to see that these prerequisites are in the final order and that the record brought to the appellate courts contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified.** No issue beyond the scope of the certified question will be considered.

Pendergrass, 937 S.W.2d at 836-37 (citing Preston, 759 S.W.2d at 650) (emphasis added). The Defendant bears the burden of "reserving, articulating, and identifying the issue." Pendergrass, 937 S.W.2d at 838.

In the present case, it is clear from the record that Defendant, with the agreement of the State and the trial court, attempted to reserve a certified question regarding the trial court's denial of Defendant's motion to suppress the DNA evidence samples. It is equally clear, however, that Preston, Pendergrass, and Rule 37 of the Tennessee Rules of Criminal Procedure have not been followed. The judgment in this case indicates only that "Defendant reserves right to appeal court's ruling on motion to suppress." Therefore, the certified question is not stated so as to clearly identify the scope and the limit of the legal issue reserved. The reasons relied upon by Defendant in the trial court at the suppression hearing are not identified in the statement of the certified question of law. Given the clear, mandatory language of Preston and Pendergrass, we must conclude that this appeal is not

properly before us. Accordingly, the judgment below is affirmed and the appeal is dismissed.

_____

THOMAS T. WOODALL, Judge

CONCUR:

_____

JOHN H. PEAY, Judge

_____

L.T. LAFFERTY, Special Judge