IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs April 23, 2002

## STATE OF TENNESSEE v. SCOTTY DEWAYNE ROBINSON

**Direct Appeal from the Criminal Court for Knox County**
**No. 71152    Mary Beth Leibowitz, Judge**

---

**No. E2001-02342-CCA-R3-CD**
**May 20, 2002**

---

The defendant, Scotty Dewayne Robinson, pled guilty to Class D felony theft pursuant to a plea agreement recommending the imposition of a three-year sentence to be served consecutively to a federal sentence. The trial court accepted the defendant's plea of guilty and imposed the recommended sentence. In this appeal, the defendant argues the trial court improperly sentenced him. We conclude the defendant has no appeal as of right of his sentence since it was a part of a plea agreement in which the defendant waived the right to appeal. Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOE G. RILEY, J., delivered the opinion of the court, in which JERRY L. SMITH and THOMAS T. WOODALL, JJ., joined.

Douglas M. Anderson, Knoxville, Tennessee (at hearing), and Scotty Dewayne Robinson, Manchester, Kentucky, *Pro Se* (on appeal).

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; Randall E. Nichols, District Attorney General; and Jennifer H. Welch, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant was charged in an eleven count indictment stemming from an incident in which he stole a motorcycle, was involved in an accident, and then fled from the police on foot before being apprehended. The defendant and the state entered into a plea agreement whereby the defendant pled guilty to one count of Class D felony theft over $1,000; the state dismissed the remaining charges; the state recommended the defendant receive a three-year sentence as a Range I standard offender to be served consecutively to a federal sentence; and the defendant waived his right to appeal. The defendant pled guilty pursuant to the agreement, and the trial court ordered the defendant to serve the recommended sentence. The defendant now seeks appellate review of his

sentence, arguing the trial court erred in imposing a three-year sentence and in ordering it to be served consecutively.[1] He further alleges in this direct appeal of his sentence that trial counsel was ineffective with regard to the sentence imposed upon the defendant. Defendant has not sought post-conviction relief.

A criminal defendant who has entered a plea of guilty or *nolo contendre* only has the right to appeal: (1) a certified question of law dispositive of the action that was explicitly reserved at the time of the plea, (2) a sentence that was not the subject of a plea agreement, or (3) an issue not waived as a matter of law by a plea of guilty or *nolo contendre* that is apparent from the record. Tenn. R. App. P. 3(b)(2); Tenn. R. Crim. P. 37(b)(2).

In the instant case, it is clear the written plea agreement, which was signed and accepted by the defendant, specifically provided the state would recommend a three-year sentence consecutive to his federal sentence. The trial court accepted the defendant's guilty plea, incorporated the plea agreement into the judgment, and ordered the defendant to serve the recommended sentence. Therefore, the sentence the defendant seeks to appeal was the subject of a plea agreement, and the issues he asks this court to review were waived as a matter of law by his plea of guilty pursuant to the plea agreement. Further, these issues were not reserved as certified questions of law dispositive of the defendant's case. *See* State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988). In addition, the defendant expressly waived his right to appeal in his signed, written plea of guilty. Accordingly, this court does not have jurisdiction to address these issues.

For these reasons, the defendant is not entitled to appellate review of right of his sentence pursuant to Rule 3(b) of the Tennessee Rules of Appellate Procedure and Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure. Defendant's only possible remedy is to seek post-conviction relief. We voice no opinion as to the merits of such a petition. Accordingly, this appeal is dismissed.

_____
JOE G. RILEY, JUDGE

_____

[1] We also note the notice of appeal was filed more than thirty (30) days after the judgment was entered. *See* Tenn. R. App. P. 4(a). Since we conclude the appeal must be dismissed on other grounds, we need not address the untimely filing of the notice of appeal.