IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs November 17, 2004

## STATE OF TENNESSEE v. JAMES C. LEVEYE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2002-C-1353      Cheryl Blackburn, Judge**

_____

**No. M2003-02543-CCA-R3-CD - Filed February 16, 2005**

_____

Defendant, James C. Leveye, entered a plea of nolo contendere to possession of more than 0.5 grams of marijuana with intent to sell, a Class E felony. The trial court imposed the recommended sentence of four years as a Range III persistent offender. As a part of the plea agreement, Defendant reserved a certified question of law under Rule 37(b)(2)(i) of the Tennessee Rules of Criminal Procedure arguing that the trial court erred in not suppressing the marijuana and drug paraphernalia discovered during a search of Defendant's person. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which JOSEPH M. TIPTON and ALAN E. GLENN, JJ., joined.

P. Brocklin Parks, Nashville, Tennessee, (on appeal) and Jonathan Richardson, Nashville, Tennessee, (at trial) for the appellant, James C. Leveye.

Paul G. Summers, Attorney General and Reporter; Richard H. Dunavant, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General; and Bret Gunn, Assistant District Attorney General, for the appellee, the State of Tennessee.

### OPINION

At Defendant's suppression hearing, Officer Jessie Loy testified that he received a call concerning a person who refused to leave the premises of a car dealership on Lafayette Street. The dealership was closed at the time of the call. "No trespassing" signs were posted on the property. When Officer Loy arrived at the site, he found Defendant sitting on an elevated wall next to the dealership's building. Officer Loy got out of his car, and Defendant approached him. Officer Loy immediately smelled a strong odor of fresh marijuana and arrested Defendant. He recognized the odor based upon prior experience in making arrests as a police officer. He handcuffed Defendant and asked Defendant if he had anything on his person that Officer Loy needed to know about.

Defendant told Officer Loy that he had a "little bit of marijuana" in his shirt pocket. Officer Loy found the marijuana and then searched Defendant's fanny-pack and duffel bag. He discovered approximately 85.8 grams of marijuana, a manual set of scales, and rolling papers. Officer Loy ran a computer check for outstanding warrants and discovered that a warrant for Defendant's arrest was outstanding.

Officer Loy admitted that he did not read Defendant his *Miranda* rights at any point during the arrest. Officer Loy said, however, that even if he had not smelled the marijuana, he would have issued Defendant a citation for criminal trespass. Because Officer Loy was required to check Defendant's name before issuing a citation, he said that he would have discovered the outstanding warrant even without arresting Defendant for possession of drugs.

Defendant testified that he was crossing the dealership's property on his way to the Rescue Mission. Defendant said he found the fanny-pack and duffel bag and stopped by the wall to see what was inside the bags. Defendant said that Officer Loy handcuffed him before he had a chance to say anything. After he searched Defendant, Officer Loy put him in the patrol car and then searched the bags. Defendant said that he had lived in the neighborhood for approximately two years and had never seen any cars on the property.

The State conceded that Defendant's disclosure that he had marijuana in his shirt pocket should be suppressed because Officer Loy failed to read Defendant his *Miranda* rights after Defendant was placed in custody. The trial court granted Defendant's motion to suppress his statement that he had marijuana in his shirt pocket. As to the seizure of the drugs and drug paraphernalia, the trial court found as follows:

> Here, when Officer [Loy] received the trespassing call, he was obligated to investigate the matter. Upon arriving at the site, he observed Defendant and approached him to inquire as to his identity and his purpose for being on the premises, whether lawful or not. As both Officer [Loy] and the defendant approached one another, Officer [Loy] smelled the odor of marijuana, which gave him probable cause to search Defendant. However, even had Officer [Loy] not detected the odor of marijuana, the evidence would have inevitably been discovered because when Officer [Loy] inquired about Defendant's identity, he ran a record check, a standard operating procedure. This check indicated that Defendant had an outstanding warrant; thus, Officer [Loy] was required to place Defendant in custody and could perform a lawful search incident to the arrest which would have ultimately revealed the marijuana and drug paraphernalia. Thus, the Court finds that even assuming Officer [Loy] had not detected the marijuana odor, the inevitable discovery exception removes any taint connected with the March 9, 2002 search of Defendant's person, and this Court concludes that the evidence obtained in the search should not be suppressed. Accordingly, Defendant's motion to suppress is DENIED as to the items seized from Defendant.

Following the suppression hearing, Defendant entered into a plea of nolo contendere, reserving as a certified question of law the following dispositive issue: "Whether the marijuana and drug paraphernalia seized from the defendant by Officer Jessie Loy on March 9, 2002, in the area of 660 Lafayette Street in Nashville, Tennessee, should be suppressed because of an unconstitutional search or seizure." The State makes no objection to the form or substance of this reserved question of law, and we have determined that it meets the requirements of Rule 37(b) of the Tennessee Rules of Criminal Procedure. *See State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988). Accordingly, we will address Defendant's certified question of law on its merits.

Defendant argues first that the trial court erred in concluding that the odor of marijuana about Defendant's person provided sufficient probable cause to search Defendant. Secondly, Defendant argues that the drugs and drug paraphernalia in Defendant's bags would not have been inevitably discovered as argued by the State because there was no probable cause to believe that Defendant had committed the offense of criminal trespass.

The findings of fact made by the trial court at the hearing on a motion to suppress are binding upon this Court unless the evidence contained in the record preponderates against them. *State v. Ross*, 49 S.W.3d 833, 839 (Tenn. 2001). The prevailing party is entitled to the strongest legitimate view of the evidence and all reasonable inferences drawn from that evidence. *State v. Hicks*, 55 S.W.3d 515, 521 (Tenn. 2001). However, this Court is not bound by the trial court's conclusions of law. *State v. Randolph*, 74 S.W.3d 330, 333 (Tenn. 2002). The application of the law to the facts found by the trial court are questions of law this Court reviews *de novo*. *State v. Daniel*, 12 S.W.3d 420, 423 (Tenn. 2000).

"Under both the United States and Tennessee Constitutions, a search or seizure conducted without a warrant is presumed unreasonable." *State v. Smith*, 21 S.W.3d 251, 254 (Tenn. Crim. App. 1999) (citations omitted). Evidence seized as a result of a warrantless search or seizure must be suppressed unless the search or seizure was conducted pursuant to one of the recognized exceptions to the warrant requirement. *Id.* Under one of these exceptions, a warrantless search is permissible if it is supported by probable cause and is conducted under exigent circumstances. *State v. Shrum*, 643 S.W.2d 891, 893 (Tenn. 1982); *State v. Blakely*, 677 S.W.2d 12, 16 (Tenn. Crim. App. 1983).

Officer Loy initially investigated the premises of the dealership after receiving a call that an individual refused to leave the property. He stopped his vehicle when he spotted Defendant, and he and Defendant approached one another. Officer Loy detected, based upon his law enforcement experience, a strong odor of marijuana emanating from Defendant's person. Although Defendant strenuously argues that Officer Loy did not have probable cause to arrest him for criminal trespass, that is not necessary to support the warrantless search.

This Court has previously concluded that the detection of a strong odor of marijuana around an individual gives a law enforcement officer probable cause for a warrantless search, which is a "'reasonable ground for suspicion, supported by circumstances indicative of an illegal act,'" together with the existence of exigent circumstances. *State v. Reginald Allan Gillespie*, No. 03C01-9706-CR-

00222, 1999 WL 391560 at *3 (Tenn. Crim. App., at Knoxville, June 16, 1999), *perm. to appeal denied* (Tenn. 1999)(quoting *State v. Henning*, 975 S.W.2d 290, 294 (Tenn. 1998)). In *Gillespie*, a police officer observed three men standing on a sidewalk. As he drove by, he detected the odor of marijuana and stopped his police car. The officer approached the men and saw smoke lingering about them. A panel of this Court concluded that the police officer had a reasonable ground of suspicion that the men were committing an illegal act, and there were exigent circumstances caused by the ability of the suspects to flee or dispose of the contraband even in the presence of the officer which justified the search of the defendants' persons. *Gillespie*, 1999 WL at *3.

We see little, if any, difference between the facts in *Gillespie* and the facts in the case *sub judice*. Therefore, whether or not the contraband would have been "inevitably discovered" absent the statement by Defendant is irrelevant. Accordingly, Defendant is not entitled to relief in this appeal.

## CONCLUSION

The judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE

-4-