# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### March 4, 2008 Session

## STATE OF TENNESSEE v. SEAN THOMAS CORLEW

**Appeal from the Circuit Court for Tipton County**
No. 5532     Joseph H. Walker, III, Judge

---

**No. W2007-02313-CCA-R3-CD  - Filed June 23, 2008**

---

The defendant, Sean Thomas Corlew, pled guilty to driving under the influence, first offense, in the Tipton County Circuit Court.  Pursuant to Rule 37(b)(2)(A) of the Tennessee Rules of Criminal Procedure, the defendant reserved a certified question of law challenging the denial of his motion to suppress based upon his allegation that the officer lacked reasonable suspicion to support the stop leading to his eventual arrest.  Following our review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right;  Judgment of the Circuit Court is Affirmed.**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which THOMAS T. WOODALL, and NORMA MCGEE OGLE, JJ., joined.

C. Michael Robbins, Covington, Tennessee, attorney for appellant, Sean Thomas Corlew.

Robert E. Cooper, Jr., Attorney General & Reporter; Lacy Wilber, Assistant Attorney General; D. Michael Dunavant, District Attorney General; and James Walter Freeland, Jr., Assistant District Attorney General, attorneys for appellee, State of Tennessee.

## OPINION

Officer Jonathan Lightseed of the Munford Police Department testified at the suppression hearing that he was on duty the night of April 1, 2006.  He recalled that sometime a little after midnight he observed the defendant "not come to a complete stop at the stop sign."  He proceeded to follow the defendant for approximately a quarter mile.  During that time, Officer Lightseed observed the defendant traveling about ten miles under the speed limit and cross the center line several times.

Officer Lightseed activated his blue lights and stopped the defendant for further inquiry. Upon approaching the defendant, he noticed the defendant's bloodshot eyes, slurred speech, and difficulty standing.  When asked if he had been drinking, the defendant reported that he had consumed five shots of vodka -- the remaining portion of the bottle was later found in the vehicle. Officer Lightseed testified that after the defendant was unable to perform three field sobriety tests

– the one-legged stand, the walk-turn test, and the finger to nose test – he determined that the defendant was unable to operate a vehicle safely and placed him under arrest for driving under the influence.

ANALYSIS

Tennessee Rule of Criminal Procedure 37 permits a criminal defendant to plead guilty and appeal a certified question of law when the defendant has entered into a plea agreement under Rule 11(a)(3) of the Rules of Criminal Procedure and has "explicitly reserved - with the consent of the state and of the court - the right to appeal a certified question of law that is dispositive of the case." Tenn. R. Crim. P. 37(b)(2)(A). As a prerequisite to this court's review, the final order or judgment appealed from must contain a statement of the certified question that clearly identifies the scope and legal limits of the question, including the agreement by both the defendant, the trial court, and the state that the question is dispositive of the case and is explicitly reserved for appellate review as part of the plea agreement. State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988). Our review of the record in this case indicates that the defendant properly reserved this question.

A trial court's findings of fact on a motion to suppress are conclusive on appeal unless the evidence preponderates against them. State v. Binette, 33 S.W.3d 215, 217 (Tenn. 2000). Likewise, questions of credibility, the weight and value of the evidence and the resolution of conflicting evidence are matters entrusted to the trial court, and this court will not reverse the trial court's factual findings unless the evidence preponderates against them. Id. citing State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). Additionally, the evidence is to be viewed in the light most favorable to the prevailing party on a motion to suppress with all reasonable and legitimate inferences that may be drawn by the evidence. State v. Carter, 16 S.W.3d 762, 765 (Tenn. 2000). However, our review of the application of the law to the facts is de novo. State v. Keith, 978 S.W.2d 861, 864 (Tenn. 1998).

The Fourth Amendment to the United States Constitution and Article I, section 7 of the Tennessee Constitution protect against unreasonable searches and seizures. Any warrantless search or seizure is presumed to be unreasonable and requires the state to prove by a preponderance of the evidence that the search or seizure was conducted pursuant to an exception to the warrant requirement. State v. Simpson, 968 S.W.2d 776, 780 (Tenn. 1998). Relevant to our inquiry in this case is the exception that a police officer may make an investigatory stop based upon reasonable suspicion, supported by specific and articulable facts, that a criminal offense has been or is about to be committed. Terry v. Ohio, 329 U.S. 1, 20-21, 88 S. Ct. 1868, 1880 (1968); Binette, 33 S.W.3d at 218.

A police officer must have such a reasonable suspicion in order to stop a vehicle without a warrant. State v. Randolph, 74 S.W.3d 330, 334 (Tenn. 2002). Our supreme court has stated that "when an officer turns on [his] blue lights" a stop has occurred. State v. Pulley, 863 S.W.2d 29, 30 (Tenn. 1993). Reasonable suspicion is determined by an examination of the totality of the circumstances. Binette, 33 S.W.3d at 218. Circumstances relevant to an analysis of reasonable suspicion include "the officer's objective observations [and any] [r]ational inferences and deductions that a trained officer may draw from the facts and circumstances known to him." State v. Yeargan, 958 S.W.2d 626, 632 (Tenn. 1997).

In denying the motion to suppress, the trial court found that "the officer had a reasonable basis to stop the vehicle of the defendant since it appeared to him that the driver ran a stop sign and weaved in the roadway." On appeal, the defendant takes issue with the trial court's use of the phrases or words, "appeared to him," "ran," and "weaved" in its findings because the officer did not use those exact terms in describing his observations of the defendant's operation of the vehicle. He argues that because of this difference in wording, the evidence preponderates against the trial court's findings and the judgment of the trial court should be reversed. The state argues that the trial court's findings sufficiently denote the observations of the officer and that they clearly provide a basis for denial of the suppression motion. Following our review, we agree with the state.

In the light most favorable to the state, the officer observed that the defendant did "not come to a complete stop," i.e. "ran a stop sign." The officer also observed the defendant cross the center line "on a number of occasions." We conclude that the evidence does not preponderate against the trial court's findings that this evidence is sufficient to support a reasonable suspicion that the defendant was driving under the influence. Therefore, the judgment of the trial court denying the motion to suppress is affirmed.

## CONCLUSION

The defendant properly presented a certified question of law. Following our review, the trial court's denial of defendant's motion to suppress is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE