# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### September 17, 2013 Session

## STATE OF TENNESSEE v. RANDALL CAGLE

**Appeal from the Circuit Court for Hickman County**
**No. 12-5120CR    Timothy L. Easter, Judge**

---

**No. M2013-00728-CCA-R3-CD - Filed November 20, 2013**

---

The defendant, Randall Cagle, pled guilty to four counts of sexual exploitation of a minor, a Class D felony, and was sentenced as a Range II, multiple offender to an effective sentence of eight years, suspended to supervised probation. As a condition of his guilty plea, the defendant attempted to reserve a certified question of law pursuant to Rule 37(b)(2)(A) of the Tennessee Rules of Criminal Procedure regarding the trial court's denial of his motion to suppress evidence seized during the search of his residence. After review, we conclude that the certified question is overly broad and, as a result, this court is without jurisdiction to consider the appeal. Accordingly, the appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which JOSEPH M. TIPTON, P.J., and JEFFREY S. BIVINS, J., joined.

Kenneth D. Quillen (on appeal) and Dale M. Quillen (at hearing), Nashville, Tennessee, for the appellant, Randall Cagle.

Robert E. Cooper, Jr., Attorney General and Reporter; Michelle L. Consiglio-Young, Assistant Attorney General; Kim R. Helper, District Attorney General; and Kate Yeager, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

## FACTS

On June 6, 2012, the Hickman County Grand Jury indicted the defendant for fourteen counts of sexual exploitation of a minor, based upon images found on his computer depicting minors engaging in sexual activity, after three young girls in foster care in the defendant's

home disclosed they had been sexually assaulted by the defendant and made to watch adult and child pornography on the defendant's computer. On July 25, 2012, the defendant filed a motion to suppress the evidence seized from his residence, followed by an amended motion on December 18, 2012. The trial court conducted a bifurcated hearing on the motion on January 23, 2013, and February 19, 2013.

At the January 23, 2013 hearing, Detective Scott Smith of the Hickman County Sheriff's Department testified that he and other officers executed a search warrant at the defendant's residence in Nunnelly, Tennessee, on October 26, 2011. The defendant's computer, among other things, was seized by the officers, taken to the sheriff's department, and subsequently delivered to the Tennessee Bureau of Investigation ("TBI") forensic laboratory on November 1, 2011. Detective Smith acknowledged that some of the language in the affidavit in support of search warrant was not "directly" his language and that the assistant district attorney had helped him with the wording. He said he swore to the affidavit and helped write it, but the definitions of technical terms pertaining to computers were "common in most search warrants for this type of material." He agreed that the search warrant "authorized conduct of an offsite search of the seized hardware and other seized equipment, if upon arriving at the scene agents executing the search warrant of the search concluded that it would be impractical to search the computer hardware on site for this evidence." On cross-examination, Detective Smith said that neither he nor any other officer with the sheriff's department was trained to forensically examine computers; therefore, the seized equipment was taken to the TBI laboratory for analysis.

Upon questioning by the trial court, Detective Smith said that he did not take the search warrant back to the issuing magistrate after the warrant was executed but, instead, followed his normal practice and returned it to the court clerk's office. The trial court reserved ruling and requested that both parties submit briefs "specifically addressing the issue what, if anything, the failure of the magistrate's signing the return has on a search warrant." The court informed the parties they also could address whether the template language was proper for use in a search warrant affidavit.

At the conclusion of the hearing on February 19, 2013, the trial court denied the defendant's motion to suppress, finding that "the search warrant [was] not defective because of its failure to be returned to a magistrate, and . . . that the defendant ha[d] abandoned that argument because it was not addressed in the post-hearing brief that was filed." The court noted that the return of a search warrant was an "administerial function and just because [the judge], who issued it, did not sign the return before it was filed with the clerk, does not render the search warrant invalid." As to the defendant's argument that the search warrant lacked probable cause due to staleness of the information, the court concluded:

[T]here was a period of time when the investigation was begun and the time that the warrant was actually executed and served on the [d]efendant's residence, but due to the nature of this investigation and due to what we're talking about here[,] stored data on a computer, I find that is a remarkably different factual issue that distinguishes this case and does not make the information stale.

Furthermore, I find that the warrant that was issued by [the judge] certainly contained a sufficient nexus to render probable cause appropriate for the issuance of the warrant; although, the investigation had been going on for sometime. So I find then that there is a proper nexus that the issuance of the warrant, based upon that nexus, was proper and that the information does not rise to the level of staleness for the purpose of rendering the search warrant ineffective.

. . . .

. . . I'm satisfied also that based upon the case that was submitted by the State regarding the boilerplate language, or template language, that particularly in these types of cases dealing with internet activity and internet searching, that such language is appropriate and does not render the search warrant invalid in any way.

. . . .

So the Motion to Suppress is denied.

Thereafter, the defendant pled guilty to four counts of sexual exploitation of a minor, and the remaining counts were dismissed. The judgment forms reflect the following language in the "special conditions" section:

Pursuant to Rule 37, Tenn. R. Crim. Pro.[,] the [d]efendant is entering a plea agreement expressly reserving the right to appeal a certified question of law. The certified question of law is expressly reserved as a part of the plea agreement and the State and the Trial Judge consent to the reservation and are all of the opinion that the certified question is dispositive of the case. The certified question is as follows: Whether the search warrant affidavit established probable cause.

## ANALYSIS

The defendant argues that the facts contained in the search warrant affidavit were too stale to establish probable cause and that the affidavit did not establish a sufficient nexus between the place to be searched and the items to be seized. The State responds that the defendant has failed to properly reserve a certified question in that the question is overly broad because it does not clearly identify the scope and limits of the legal issue reserved. We agree with the State.

Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure provides that an appeal lies from any judgment of conviction upon a plea of guilty or nolo contendere if:

> (A) [T]he defendant entered into a plea agreement under Rule 11(a)(3) but explicitly reserved – with the consent of the state and of the court – the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:
>
> (i) the judgment of conviction or other document to which such judgment refers that is filed before the notice of appeal, contains a statement of the certified question of law that the defendant reserved for appellate review;
>
> (ii) the question of law is stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;
>
> (iii) the judgment or document reflects that the certified question was expressly reserved with the consent of the state and the trial court; and
>
> (iv) the judgment or document reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2)(A). In State v. Preston, 759 S.W.2d 647 (Tenn. 1988), our supreme court emphasized that the burden is on the defendant to ensure that the conditions for properly preserving a question of law pursuant to Rule 37 have been met:

> This is an appropriate time for this Court to make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites to the consideration of the merits of a question of law certified pursuant to Tenn. R. Crim. P. 37(b)(2)(i) or (iv). Regardless of what has appeared in prior

petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. . . . No issue beyond the scope of the certified question will be considered.

Id. at 650.

Here, the certified question does not clearly identify the scope and limits of the legal issue reserved and is, thus, overly broad. In his question, the defendant failed to identify the reasons he believed probable cause to be insufficient. He does not mention the staleness of the facts or the existence of a sufficient nexus between the place to be searched and criminal activity, both of which he argues in his brief. As posed, the question would require this court to essentially conduct a complete overview of the plethora of reasons a search warrant affidavit could lack probable cause. See State v. James F. Mason, No. M2010-01350-CCA-R3-CD, 2011 WL 856934, at *4 (Tenn. Crim. App. Mar. 11, 2011), cf. State v. Maurice Edward Carter, No. M2010-00063-CCA-R3-CD, 2011 WL 3303714, at *11 (Tenn. Crim. App. Aug. 2, 2011), perm. app. denied (Tenn. Nov. 15, 2011); State v. Nicholas J. Johnson, No. M2000-03162-CCA-R3-CD, 2001 WL 1356369, at *2 (Tenn. Crim. App. Nov. 6, 2001), perm. app. denied (Tenn. Apr. 8, 2002). We are without jurisdiction to consider the appeal because the defendant failed to properly reserve his certified question of law.

## CONCLUSION

We conclude that the defendant has failed to satisfy the requirements for certifying a question of law for appeal pursuant to Tennessee Rule of Criminal Procedure 37(b)(2). Accordingly, we dismiss the appeal.

_____
ALAN E. GLENN, JUDGE