IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE

Assigned on Briefs June 27, 2017

**STATE OF TENNESSEE v. CHARLES FOWLKES**

**Appeal from the Criminal Court for Hamilton County**
**No. 297534    Don W. Poole, Judge**

_____

**No. E2016-02386-CCA-R3-CD**

_____

ROBERT L. HOLLOWAY, JR., J., concurring.

I concur with the majority's opinion affirming the trial court's judgment based on the failure of the Defendant to strictly comply with the prerequisites established in *State v. Preston*, 759 S.W.2d 647 (Tenn. 1988).

Based on the record before us, the trial court and the State did not expressly state that the certified question was dispositive as required by *Preston*. *See id.* at 650. However, the petition to enter plea of guilty, which was signed by the Defendant, the Defendant's counsel and an Assistant District Attorney General, specifically notes that the Defendant is reserving a certified question "on the basis of the lack of probable cause for the stop and seizure of the Defendant before arrest." The judgment has handwritten on its face, "This question is expressly reserved as part of the plea agreement. Both the State and the court consent to this reservation. Certified question is attached [as] Exhibit 1." Exhibit 1 states the certified question and is signed by the trial judge.

Tennessee Rule of Criminal Procedure 37(b)(2)(A)(iv) requires only that "the judgment or order reserving the certified question *reflects* that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]" (emphasis added). In my opinion, the statements in the documents listed in the above paragraph "reflect" that the parties and the trial court are of the opinion that the certified question is dispositive. If the trial court or the State did not think the question was dispositive, why go through this process? In my experience, what often happens after an appeal involving a certified question is dismissed other than on the merits is that the defendant files a post-conviction relief petition alleging that he or she received ineffective assistance of counsel because trial counsel was deficient in drafting or reserving the certified question. If the defendant is indigent, post-conviction counsel must be appointed. During the hearing, trial counsel usually has to admit that his or her

legal performance was deficient in drafting or reserving a certified question. The post-conviction court then grants post-conviction relief, setting aside the guilty plea because it was not knowingly entered due to ineffective assistance of counsel. Then, there is a second guilty plea in which a new certified question is reserved that everyone hopes complies with Tennessee Rule of Criminal Procedure 37(b) and *Preston*.

Even if the State and the trial court had expressly stated that the certified question is dispositive, this court is still required to "make an independent determination that the certified question is dispositive." *State v. Dailey*, 235 S.W.3d 131, 135 (Tenn. 2007) (citing *Preston*, 759 S.W.2d at 651). In my review of this record, I "independently determine" that the certified question in this case is dispositive. Nevertheless, strict compliance with the prerequisites established in *Preston* requires that I concur in affirming the trial court based on a hypertechnical error, rather than deciding the certified question based on the record on appeal which includes the transcript from the suppression hearing.

Drafting and reserving a certified question should not be a minefield ready to explode if you step slightly off course but rather an efficient means of avoiding the time and expense of a trial when the only issue is a legal one. Far too often, it is the former and not the latter.

_____
ROBERT L. HOLLOWAY, JR., JUDGE