FILED

04/30/2019

Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs March 5, 2019

## STATE OF TENNESSEE v. CAMERON MARTIN

**Appeal from the Circuit Court for Madison County**
**No. 17-173   Donald H. Allen, Judge**

_____

### No. W2018-01085-CCA-R3-CD
_____

The Madison County Grand Jury indicted Cameron Martin, Defendant, for four counts of convicted felon in possession of a handgun. After the trial court denied his motion to suppress, Defendant pled guilty pursuant to a plea agreement to one count of possession of a weapon by a convicted felon, reserving a certified question of law. The trial court sentenced Defendant to five years as a Range I standard offender and dismissed the remaining counts. We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

ROBERT L. HOLLOWAY, JR., J., delivered the opinion of the court, in which ALAN E. GLENN and ROBERT H. MONTGOMERY, JR., JJ., joined

George Morton Googe, District Public Defender; and Gregory D. Gookin, Assistant District Public Defender, for the appellant, Cameron Martin.

Herbert H. Slatery III, Attorney General and Reporter; Garrett D. Ward, Assistant Attorney General; Jody Pickens, District Attorney General; and Bradley F. Champine, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

Sergeant Richard Newbill, supervisor of the Jackson Police Department (JPD) gang unit, received information from a confidential source concerning illegal activity occurring inside a residence at 106 Melwood Street in Jackson. Based on that information, Sergeant Newbill prepared an affidavit and obtained and executed a search warrant at the residence.

Defendant filed a motion to suppress evidence seized during the execution of the search warrant, and the trial court conducted a suppression hearing on February 12, 2018.

Sergeant Newbill testified that when he executed the warrant and entered the residence, he saw Defendant running from the living room to what was determined as "a back storage area." He said there "was a very strong smell associated with marijuana." Sergeant Newbill said Defendant, Defendant's mother, his mother's boyfriend and a juvenile female were in the residence. From the living room the officers seized a 9 millimeter handgun, a medicine bottle with marijuana residue inside, a marijuana grinder, and a cell phone. From other areas of the residence, they seized digital scales, two handguns, a small amount of marijuana, a marijuana pipe, and Ziploc baggies. Defendant was arrested and eventually charged with possession of the handguns.

Sergeant Newbill interviewed Defendant at the Madison County Jail. According to Sergeant Newbill, after he read the Defendant his *Miranda* rights, Defendant "took responsibility" for the handguns and the marijuana.

The trial court entered a written order denying the motion on February 14, 2018, finding that the search warrant "was based upon probable cause made out within the four corners of [Sergeant Newbill's] Affidavit" and that "[b]ased on the totality of the circumstances, the resulting [s]earch [w]arrant in this case was properly issued."

Defendant pled guilty pursuant to a plea agreement to one count of possession of a weapon by a convicted felon, reserving a certified question of law. On May 14, 2018, the trial court entered an order based on the "agreement of the Court, the State, and [ ] Defendant," finding "that the following question of law is dispositive of the case and should be expressly certified for appellate review:"

> Whether the trial court erred in denying [ ] Defendant's Motion to Suppress Evidence regarding the sufficiency of the affidavit utilized to gain a search warrant against [ ] Defendant, in violation of [ ] Defendant's Fourth Amendment rights under the United States Constitution, and Article I, Section 7 of the Tennessee Constitution?

On appeal, Defendant claims the trial court erred in denying the motion to suppress because the search warrant affidavit failed to establish probable cause, and therefore, the search violated his federal and state constitutional rights. Specifically, Defendant claims that "[t]he confidential informant only provided information that he/she had seen [Defendant] in possession of drugs, digital scales, and money, and that [Defendant] was observed selling narcotics at 106 Melwood." Defendant claims that "[t]he informant did not provide more specific information, such as how many sales were

allegedly committed or where in the residence [Defendant] was to have been in possession of the various items of contraband." Defendant also claims "the reliability of the informant was not established."

The State claims the certified question of law "fails to sufficiently identify the scope and limits of the legal issue reserved for appeal." Alternatively, the State claims that "the affidavit provided a substantial basis for a finding of probable cause where it established the reliability of the confidential source, described the place and nature of ongoing illegal activity, and specifically identified Defendant."

Tennessee Rule of Criminal Procedure 37(b) sets out the exacting requirements for a defendant to properly reserve a certified question of law for appellate purposes. We determine that the certified question was properly reserved pursuant to the requirements of Rule 37(b)(1)(A) and *State v. Preston,* 759 S.W.2d 647 (Tenn. 1988). Defendant entered a guilty plea pursuant to a plea agreement under Rule 11(c) and, with the consent of the State and the trial court, explicitly reserved a certified question that is dispositive of the case. S*ee* Rule 37(b)(1)(A). The "Order Reserving Certified Question of Law" (the "Order") "contain[ed] a statement of the certified question of law" and was entered on May 14, 2018, before the notice of appeal was filed as required by Rule 37(b)(1)(A)(i), the "question of law as stated in" the Order "identifies clearly the scope and limits of the legal issue reserved" as required by Rule 37(b)(1)(A)(ii), the Order "reflects that the certified question was expressly reserved with the consent of the state and the trial court," *see* Rule 37(b)(1)(A)(iii), and the Order "reflects that [Defendant], the [S]tate, and the trial court are of the opinion that the certified question is dispositive of the case as required by Rule 37(b)(1)(A)(iv).

We agree with the State that the affidavit provided a substantial basis for the magistrate to find of probable cause for issuance of the warrant.

Because the certified question is limited in scope to the issuance of the warrant, we "'may consider only the affidavit and may not consider other evidence provided to or known by the issuing magistrate or possessed by the affiant.'" *State v. Tuttle*, 515 S.W.3d 282, 299 (Tenn. 2017) (quoting *State v. Henning*, 975 S.W.2d 290, 295 (Tenn. 1998)).

Sergeant Newbill, the affiant, swore that "he ha[d] probable cause for believing and d[id] believe" that Defendant was in possession of "illegal controlled substances: marijuana, drug paraphernalia, books, ledgers, tapes, papers, records, pictures, electronic media and other items which tend to memorialize narcotic trafficking." Sergeant Newbill affirmed that he

ha[d] obtained reliable information from [a] reliable confidential source that ha[d] observed marijuana inside the residence of 106 Melwood Street with[]in the last 72 hours. The confidential source advised that [Defendant] [was] in possession of large amounts of marijuana, digital scales, and a large quantity of U.S. Currency. This confidential source ha[d] also observed [Defendant] selling narcotics at this location within the last 72 hours as well as numerous times in the past. The confidential source ha[d] been proven reliable by being responsible for providing information leading to the arrest of at least 20 individuals for outstanding warrants, narcotic, and weapon violations. This confidential source [wa]s responsible for the recovery of 4.5 grams of cocaine, over 310 grams of marijuana, at least 50 ecstasy pills[,] 3 xanax pills, 1 hydrocodone pill, 11 firearms and a prohibited weapon. Out of the 20 individuals at least 15 have been convicted and other cases are pending. According to the Jackson Energy Authority[,] the utilities at 106 Melwood [we]re in Syneatra Albeata's name. The confidential source advised that Syneatra Albeata [wa]s [Defendant]'s mother and that [Defendant] . . . reside[d] at 106 Melwood Drive.[1] Your Affiant . . . also corroborated through JPD reports that Syneatra Albeata [wa]s [Defendant]'s mother.

Sergeant Newbill identified the premises to be searched as "106 Melwood Street in Jackson, TN 38305 and all sheds, outbuildings, garages, appurtenance, and vehicles that is associated with the said property." The residence at 106 Melwood Street was described in detail leaving no reasonable doubt or confusion about the location of the premises to be searched.[2] Based on the affidavit, the magistrate found probable cause to

---

[1] The address is shown as "106 Melwood Street" nine times in the affidavit and one time as "106 Melwood Drive. Based on the totality of the information contained in the affidavit, we determine that the use of the word "drive" was an innocent mistake that is "insufficient to invalidate the search warrant." *State v. Yeomans*, 10 S.W.3d 293, 297 (Tenn. Crim. App. 1999) (citing *Franks v. Delaware*, 438 U.S. 154, 171 (1978)); *see Tuttle*, 515 S.W.3d at 308.

[2] The search warrant was issued for 106 Melwood Street. The warrant described the property to be searched as:

106 Melwood Street Jackson, TN 38305 and all sheds, outbuildings, garages, appurtenance, and vehicles that are associated with that said property. 106 Melwood Street is a single family dwelling located situated on the South/West corner of Briarcliff Drive and Melwood Street. 106 Melwood Street is constructed of brown brick and tan siding. The structure has a black shingle roof with multi-colored shutters. The structure has a black wrought iron front storm door and a white interior door which faces north on Melwood *Drive*. The mailbox attached to the property [ ] has the numbers 106 affixed to it in black with a white background. When traveling south on Briarcliff Drive, from the stop sign at intersection of Briarcliff Drive and Melwood Street, the drive way to 106 Melwood

believe Defendant had or is involved in criminal activity and issued the warrant to search 106 Melwood Street for "illegally controlled substances, particularly marijuana, books, ledgers, tapes, papers, recordings, pictures, electronic media and other items which tend to memorialize narcotic trafficking."

This court must "afford 'great deference' to a magistrate's determination that probable cause exists." *Tuttle*, 515 S.W.3d at 300. Probable cause requires "more than a mere suspicion[,]" *State v. Lawrence*, 154 S.W.3d 71, 76 (Tenn. 2005), "but less than absolute certainty." *State v. Reynolds*, 504 S.W.3d 283, 300 (Tenn. 2016). "Probable cause, as its name implies, deals with probabilities." *Tuttle*, 515 S.W.3d at 300. "These [probabilities] are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent men, not legal technicians, act." *Brinegar v. United States*, 338 U.S. 160, 175 (1949), *see Tuttle*, 515 S.W.3d at 300.

Sergeant Newbill received information from a confidential source, who had provided reliable information on several prior occasions. The source's information was not stale; the source said that he observed Defendant selling narcotics at 106 Melwood Street within seventy-two hours of the execution of the search warrant. Sergeant Newbill's affidavit, when "viewed in a commonsense and practical manner," provided the issuing magistrate probable cause for determining that a search of 106 Melwood Street would uncover evidence of criminal activity. *See Tuttle*, 515 S.W.3d at 310.

The trial court did not err in denying the motion to suppress the evidence seized during the search. The judgment of the trial court is affirmed.

_____
ROBERT L. HOLLOWAY, JR., JUDGE

---

Street will be directly across Melwood Street s[l]ightly offset to the right, with the front of the residence being straight ahead.

We determine that the one time use of "Drive" in the warrant was also an innocent mistake that did not invalidate the warrant.