IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs July 14, 2009

## STATE OF TENNESSEE v. JOHN L. TRULL

**Direct Appeal from the Circuit Court for Crockett County**
**No. 3918     Clayburn Peeples, Judge**

---

**No. W2008-02613-CCA-R3-CD  - Filed September 9, 2009**

---

The defendant, John L. Trull, pled guilty in the Crockett County Circuit Court to driving under the influence ("DUI"), third offense, and was sentenced to eleven months, twenty-nine days, with all but 120 days suspended.  As a condition of his guilty plea, he reserved the following certified question of law: "Whether the arrest of the defendant was unconstitutional in violation of Article I, Section 7 of the Tennessee Constitution and the Fourth Amendment of the United States Constitution." Upon review of the record, we agree with the State that the certified question of law does not clearly state the scope and limits of the legal issue the defendant sought to reserve for appeal.  Accordingly, we dismiss the appeal.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

ALAN E. GLENN, J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and NORMA MCGEE OGLE, JJ., joined.

Charles S. Kelly, Dyersburg, Tennessee, for the appellant, John L. Trull.

Robert E. Cooper, Jr., Attorney General and Reporter; Leslie E. Price, Assistant Attorney General; Garry G. Brown, District Attorney General; and Stephanie J. Hale and Edward L. Hardister, Assistant District Attorneys General, for the appellee, State of Tennessee.

### OPINION

### FACTS

At approximately 1:12 a.m. on May 16, 2007, Crockett County Sheriff's Deputy Allan Gilliland was driving west on Highway 88 toward Maury City when he spotted the defendant's motionless vehicle, with headlights and brake lights on, in the parking lot of a daycare center.  Upon investigating, he discovered that the vehicle was in drive, engine running, while the defendant was asleep behind the wheel with his foot on the brake.  When the defendant awoke and opened his car door, Deputy Gilliland observed that his speech was slurred and that an odor of alcohol emanated from his vehicle.  The defendant answered in the affirmative when Deputy Gilliland asked if he had

been drinking, was extremely unsteady on his feet when he exited the vehicle, and was unable to perform any of the field sobriety tests that he attempted.

The defendant was indicted for DUI; DUI, fourth offense; driving on a suspended, cancelled or revoked license; driving on a suspended, cancelled or revoked license with two or more prior DUI convictions resulting in a revoked license; and violation of the implied consent law. He subsequently filed a motion to suppress "any and all materials and/or evidence obtained and/or seized as the result of the illegal invalid searches of the defendant's vehicle," arguing that the officer had no probable cause to believe he was committing a crime and no reason to seize him.

At the suppression hearing, Deputy Gilliland testified that the defendant's vehicle was in the parking lot approximately twenty-five feet from the roadway with its lights on. He stated that he checked to see if anything was wrong because he did not know why the vehicle was there. He later explained that it was the usual practice of the sheriff's department to stop and check any vehicle in such circumstances, especially if it appeared to be occupied. He said he did not activate his blue lights. He testified that he had to knock twice on the defendant's window to awaken him. When the defendant awakened and opened the door, he first asked him if anything was medically wrong with him. The defendant answered "[n]o." However, the defendant's speech was slurred, and Deputy Gilliland smelled a strong odor of alcohol. He, therefore, asked the defendant if he had been drinking, and the defendant replied that he had. Deputy Gilliland described the defendant's difficulty in standing and his unsuccessful attempts to perform the various field sobriety tests he requested. He said that he had to hold the defendant to prevent him from falling as he attempted the one-leg stand and that he terminated the tests at that point due to his fear that the defendant would fall and injure himself.

Following the denial of his motion to suppress, the defendant pled guilty to DUI, third offense, in exchange for a sentence of eleven months, twenty-nine days, with all but 120 days suspended. The remaining counts of the indictment were dismissed. As a condition of his guilty plea, the defendant attempted to reserve the following certified question of law, which was stated in the judgment form, "Agreed Order Reserving Dispositive Certified Question of Law," and guilty plea agreement as follows: "Whether the arrest of the defendant was unconstitutional in violation of Article I, Section 7, of the Tennessee Constitution and the Fourth Amendment of the United States Constitution?"

## ANALYSIS

The defendant contends on appeal that the trial court erred in denying his motion to suppress evidence obtained as the result of his allegedly illegal stop and seizure. The State responds by arguing that the appeal should be dismissed because the question in the judgment form is too broadly and ambiguously worded for appellate review as a certified question of law. We agree with the State.

Rule 37(b)(2) of the Tennessee Rules of Criminal Procedure provides that an appeal lies from any judgment of conviction upon a plea of guilty or nolo contendere if:

(A) [T]he defendant entered into a plea agreement under Rule 11(a)(3) but explicitly reserved – with the consent of the state and of the court – the right to appeal a certified question of law that is dispositive of the case, and the following requirements are met:

(i) the judgment of conviction or other document to which such judgment refers that is filed before the notice of appeal, contains a statement of the certified question of law that the defendant reserved for appellate review;

(ii) the question of law is stated in the judgment or document so as to identify clearly the scope and limits of the legal issue reserved;

(iii) the judgment or document reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

(iv) the judgment or document reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2)(A). In State v. Preston, 759 S.W.2d 647 (Tenn. 1988), our supreme court emphasized that the burden is on the defendant to ensure that the conditions for properly preserving a question of law pursuant to Rule 37 have been met:

This is an appropriate time for this Court to make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites to the consideration of the merits of a question of law certified pursuant to Tenn. R. Crim. P. 37(b)(2)(i) or (iv). Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and *the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question*, absent a constitutional requirement otherwise. . . . No issue beyond the scope of the certified question will be considered.

Id. at 650 (emphasis added).

The defendant argues in his brief that the State cannot show that the traffic stop and seizure that led to his arrest was based upon reasonable suspicion, supported by specific and articulable facts, that a criminal offense had been or was about to be committed. The reserved question of law, however, is couched in the very broadest terms of whether the defendant's arrest was unconstitutional in violation of the relevant provisions of the United States and Tennessee

-3-

Constitutions. In State v. Kale J. Sandusky, No. M2008-00589-CCA-R3-CD, 2009 WL 537526, at *3 (Tenn. Crim. App. Mar. 4, 2009), applic. for perm. to appeal filed (Tenn. May 1, 2009), this court concluded that whether law enforcement officers' entry into a defendant's home violated constitutional guarantees against unreasonable search and seizure under the state and federal constitutions was too broad a question to satisfy the strict mandates for properly certifying a question of law. Because the question in the case at bar is similarly too broadly worded to clearly identify the scope and limits of the legal issue that the defendant sought to reserve, we dismiss the appeal.

## CONCLUSION

We conclude that the defendant has failed to satisfy the requirements for certifying a question of law for appeal pursuant to Tennessee Rule of Criminal Procedure 37(b)(2). Accordingly, we dismiss the appeal.

_____
ALAN E. GLENN, JUDGE