IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

JUNE 1998 SESSION

FILED

October 6, 1998

Cecil Crowson, Jr.
Appellate Court Clerk



| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Appellee, | ) | No. 03C01-9710-CR-00438 |
| | ) | |
| | ) | Greene County |
| v. | ) | |
| | ) | Honorable James E. Beckner, Judge |
| | ) | |
| HASSON WALLER, | ) | (Certified question of law) |
| | ) | |
| Appellant. | ) | |

For the Appellant:

Robert C. Newton
900 Anderson Street
Bristol, TN 37620

For the Appellee:

John Knox Walkup
Attorney General of Tennessee
        and
Clinton J. Morgan
Assistant Attorney General of Tennessee
425 Fifth Avenue North
Nashville, TN 37243-0493

C. Berkeley Bell, Jr.
District Attorney General
        and
Eric Christiansen
Assistant District Attorney General
109 South Main Street
Greeneville, TN 37743

OPINION FILED:_____

AFFIRMED

Joseph M. Tipton
Judge

The defendant, Hasson Waller, was convicted upon his pleas of guilty in the Greene County Criminal Court of the offenses of possession with intent to sell marijuana, a Class E felony, and possession of a firearm in the commission of a felony, a Class E felony. The defendant was sentenced as a Range I, standard offender to concurrent sentences of one year, one hundred ten days to be served in the county jail and the remainder on probation. He was also fined two thousand dollars. The defendant appeals as of right upon a certified question of law that is dispositive of this case. See T.R.A.P. 3(b); Tenn. R. Crim. P. 37(b).

The defendant contends that the trial court erred in refusing to suppress the contraband found as the result of a search, conducted after he was placed in custody, of the cars over which he asserted ownership. The trial court found that the search of the cars did not violate the defendant's rights under the Fourth Amendment of the United States Constitution and Article 1, Section 7 of the Tennessee Constitution because the defendant consented to the search and the police had probable cause to arrest the defendant. The state contends that the appeal does not present a properly certified question of law and that, in any event, the trial court's findings are correct. We conclude that the defendant's Fourth Amendment rights were not violated and affirm the decision of the trial court.

The following facts were introduced during the motion to suppress hearing. On August 16, 1996, the defendant and his cousin, Eric Waller, arrived at Malone's Wrecker Service in a red Ford Escort to pick up a black Nissan that had been repaired. The defendant wanted to test drive the car before paying for it, but Don Malone, the owner of the wrecker service, would not let the men leave with the car without paying for it. Mr. Malone offered to accompany them on the test drive, but the

2

defendant argued that he did not want him along for the test drive. A heated argument ensued, and the police were called.

Greeneville Police Officer Pat Hankins and an auxiliary officer responded to a request from Officer Crum, who was already at the scene, to assist with a disturbance at the wrecker service. Officer Hankins testified that when he arrived at the wrecker service, he saw the defendant in a heated discussion with the owner and Officer Crum. Officer Hankins testified that before Officer Crum left to respond to another call, Officer Crum told him that he saw Eric Waller leave in the red car and return a short time later on foot.

The dispute was resolved when the defendant agreed to allow Mr. Malone to accompany Eric Waller on the test drive. Officer Hankins testified that while the two were out on the test drive, he spoke with the defendant in an attempt to calm the situation. He testified that the defendant said that the car broke down after returning from Knoxville where he had visited his girlfriend.

Officer Hankins testified that after Mr. Malone and Eric Waller returned from the test drive, Mr. Malone told him that he spotted the red car a quarter-mile down the road. The officer said that he then asked Eric Waller where he had been when the car broke down. He stated that Eric Waller told him that they had been to a basketball game in Knoxville.

Officer Hankins testified that he asked the defendant and Eric Waller for identification, and they gave him their driver's licenses. He said that he wanted to check discreetly for outstanding warrants, but he could not because they were standing next to him. He testified that in order to have some privacy, he told them that he had to respond to a call at a market down the road. While at the market and talking to the

3

dispatcher on the telephone, he said that his partner, the auxiliary officer, saw the defendant and Eric Waller drive away from the wrecker service. The officers drove to where the red car was reported to have been parked and saw the defendant in the black car and Eric Waller in the red car.

Officer Hankins testified that he asked Eric Waller to get out of the red car. He said that he then handcuffed Waller, told him that he was not under arrest, and put him into the back of his police cruiser. Officer Hankins then approached the defendant, asked him to get out of the black car, handcuffed him, told him that he was not under arrest, and put him in the back of Officer Crum's cruiser, who had come back to the scene.

Officer Hankins testified that he asked Eric Waller for permission to search the red car. He said that Eric Waller told him that the defendant was the owner. Officer Hankins then asked the defendant, "Do you have any problem if we look in the car?" to which the defendant answered that he did not. Officer Hankins said that he left the auxiliary officer with the defendant in case the defendant wanted to retract his permission for the search. He admitted that he did not tell the defendant that the defendant could stop the search at any time.

Officer Hankins testified that he got the keys out of the ignition of the red car, opened the trunk, and immediately smelled marijuana. He stated that he found approximately six pounds of marijuana wrapped in a garbage bag. He said they also found a gun inside a suitcase in the trunk. He said a second gun was found under the driver's seat of the red car. Officer Hankins testified that the black car was searched, and a saran, such as would be used to wrap a cigarette, was found in plain view. Officer Hankins testified that after finding these items, he called in a report, and Eric Waller and the defendant were transported to the Greeneville police station.

4

At the conclusion of the hearing, the trial court overruled the defendant's motion to suppress the evidence seized, concluding that there was probable cause and exigent circumstances and that the defendant had consented to the search. The trial court found that the officer's reasonable suspicion had matured to probable cause because the defendant drove away after surrendering his driver's license to the officer. The trial court found exigent circumstances to search the vehicles because they were mobile and were subject to being removed before a warrant could be obtained.

On appeal, the trial court's findings of fact at the conclusion of a suppression hearing will be upheld unless the evidence preponderates otherwise. State v. Odom, 928 S.W.2d 18, 23 (Tenn. 1996). The defendant bears the burden of demonstrating that the evidence preponderates against the trial court's factual findings. Id. However, the application of the law to the facts as determined by the trial court is a question of law which is reviewed de novo on appeal. State v. Yeargan, 958 S.W.2d 626, 628-29 (Tenn. 1997).

I

Preliminarily, the state contends that the defendant has failed to comply with the prerequisites for appellate review of a certified, dispositive question of law. The state argues that (1) the defendant's question does not clearly identify the scope and limits of the legal issue that is reserved, (2) the question does not contain the reasons relied upon by the defendant at the suppression hearing, (3) the judgment is confusing and does not contain a statement of the certified question, and (4) the record does not contain all of the proceedings below that bear upon the merits. With respect to the record, the state argues that the tape recording and the transcript of the conversation between the defendant and the police officer have not been provided with the record.

5

In pertinent part, Rule 37(b), Tenn. R. Crim. P., provides for an appeal in a criminal case under the following circumstances:

> (2) Upon a plea of guilty or nolo contendere if:
>
> > (i) defendant entered into a plea agreement under Rule 11(e) but explicitly reserved with the consent of the State and of the court the right to appeal a certified question of law that is dispositive of the case;  or
>
> > . . .
>
> > (iv) defendant explicitly reserved with the consent of the court the right to appeal a certified question of law that is dispositive of the case.

The 1997 Advisory Commission Comment to this Rule states the following:

> In order for an attorney to perfect an appeal under either of these two (2) sections, the attorney must be certain that the application fully comports with the requirements for this type of an appeal as set forth by the Tennessee Supreme Court in its decision of State v. Preston, 759 S.W.2d 647 (Tenn. 1988). Failure to follow the dictates of the Preston decision could result in the dismissal of the appeal.

Rule 3(b), T.R.A.P., provides that an appeal as of right by a defendant lies from a judgment of conviction upon a guilty plea "if the defendant entered into a plea agreement but explicitly reserved with the consent of the state and the trial court the right to appeal a certified question of law dispositive of the action."

Our supreme court addressed the proper procedure for reserving a certified question of law in State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988). Preston requires that the certified question "be so stated as to clearly identify the scope and the limits of the legal issue reserved." Id. For issues involving the validity of searches, "the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question." Id. Finally, "the order must state that the certified question was expressly reserved as part of the plea agreement, that the State and the trial judge consented to the reservation and that the State and the trial judge are of the opinion that the question is dispositive of the case." Id.

6

The certification order states as follows:

> The State and the Defendant affirm that the Defendant, pursuant to [Tenn. R. Crim. P. ] 37(b)(2), has explicitly reserved with the express consent of the State certified question(s) of law with regard to the Defendant's [detention] by the Greeneville Police officers and subsequent search of his automobiles and the seizure of evidence subject to this indictment. The question of law to be certified for review is as follows:

> > Did the trial court err in not suppressing any and all evidence seized from the defendant's automobiles on or about August 16, 1996 in the initial detention of the defendant and his subsequent consent to search his automobiles violated the defendant's rights under the Fourth Amendment of the United States Constitution and Article 1, Section 7 of the Constitution of Tennessee, being an unreasonable seizure of his person and an unlawful search of his automobiles?

> Pursuant to State v. Preston, 759 S.W.2d 647 (Tenn. 1988), the State, the Defendant, with express approval of the Court.

> The State and this Honorable Court hereby expressly consent to the reservation of this certified question of law. Further, the State and this Honorable Court aver and affirm that they are of the opinion that this question is dispositive of the case. Specifically, this Court, the State, and Defendant affirm that if the Appellate Court finds in the Defendant's favor with regard to this certified question, then the subject prosecution must be dismissed.

Unquestionably, the order could have and should have been more detailed. However, we do not view it to be so deficient as to require a dismissal of the defendant's appeal. The order states the general claim by the defendant relative to his detention and search of his vehicles. It also states that the right to appeal a certified question of law that is dispositive of the case was explicitly reserved with the consent of the state and the trial court.

In Preston, our supreme court stated that "the reasons relied upon . . . must be identified." 759 S.W.2d at 650. In the present case, the certified question gives as reasons for the violation of the defendant's rights under the United States

7

Constitution and the Tennessee Constitution the "unreasonable seizure of his person and an unlawful search of his automobile." In his motion to suppress, the defendant gave the same reasons but provided additional detail, including (1) that the detention was not based on probable cause or the commission of a criminal offense in the presence of the police officers, (2) that the search was without a warrant or exigent circumstances, (3) that the search was without probable cause, (4) that the search violated the defendant's expectation of privacy, and (5) that there was not effective consent given for the search given the totality of the circumstances.

Ideally, the certified question should have given the detailed reasons upon which the defendant relied. However, we recognize that the question is just that and not a brief presented to the court. The certified question contains a description of the conduct that the defendant claims violated his rights and provides the reason that the conduct violated his rights. We conclude that the question is sufficient to identify the scope of our review.

With respect to what the state calls the confusing judgment, we note that the record reflects that the defendant's motion to suppress was heard and denied on January 6, 1997. The technical record contains an order certifying the question of law and stating that it is an addendum to the judgment order. The addendum states that it was entered on January 24, 1997. However, the clerk stamped it as filed on May 19, 1997. We believe the date typed in the addendum was erroneously retained during word processing and can be safely ignored. The defendant entered his guilty pleas and received judgment on May 19, 1997, the same day that the addendum was filed. We conclude the judgment order contains a statement of the certified question.

Finally, with respect to the record being incomplete, we note that the trial court relied on the recorded conversation between Officer Hankins and the defendant in

8

order to determine that consent was given for the search. Neither this tape nor its transcript is part of the record brought to this court. The Preston court stated that the defendant has the burden of ensuring that "the record brought to the appellate court contains all of the proceedings below that bear upon whether the certified question of law is dispositive and the merits of the question certified." 759 S.W.2d at 650. However, we believe that the certified question is dispositive and can be decided on its merits without resorting to details of the recorded conversation.

## II

The defendant contends that he was unlawfully detained through an illegal arrest by the police. He asserts that the evidence obtained by the search should be suppressed because the search was the result of an illegal arrest and the consent given was coerced given the circumstances of the illegal arrest. The defendant argues that when he was handcuffed and placed in the police cruiser, there was not probable cause to arrest him. The state contends that there was probable cause to detain the defendant and that he voluntarily gave effective consent.

While operating a motor vehicle, the driver is required to have in his immediate possession a valid operator's license. T.C.A. § 55-50-351. Failure to have possession of an operator's license is a Class C misdemeanor, and any law enforcement officer is empowered to arrest any person found violating this statute. Id.

Officer Hankins testified that he thought that the defendant and Eric Waller were "either wanted or up to something that they shouldn't be." This suspicion

was based on hearing that Eric Waller moved the red car, knowing that their stories conflicted, and seeing that the defendant left the wrecker service without his driver's license and drove to the red car. Officer Hankins admitted that at the time he took their driver's licenses, the two had not committed any crimes. However, when Officer Hankins saw the defendant drive away from the wrecker service, he had probable cause to arrest the defendant for driving without having immediate possession of his driver's license. See T.C.A. § 55-50-351.

The analysis of any warrantless search must begin with the proposition that such searches are per se unreasonable under the Fourth Amendment to the United States Constitution and Article I, Section 7 of the Tennessee Constitution. This principle against warrantless searches is subject only to a few specifically established and well-delineated exceptions. See Katz v. United States, 389 U.S. 347, 357, 88 S. Ct. 507, 514 (1967); State v. Tyler, 598 S.W.2d 798, 801 (Tenn. Crim. App. 1980). Before the fruits of a warrantless search are admissible as evidence, the state must establish by a preponderance of the evidence that the search falls into one of the narrowly drawn exceptions to the warrant requirement. State v. Shaw, 603 S.W.2d 741, 742 (Tenn. Crim. App. 1980).

A warrant is not needed when there is a consent that is "unequivocal, specific, intelligently given, and uncontaminated by duress or coercion." State v. Brown, 836 S.W.2d 530, 547 (Tenn. 1992). Thus, the question becomes whether the consent to the search in this case was given voluntarily, a question that is determined by examining the facts. State v. Jackson, 889 S.W.2d 219, 221 (Tenn. Crim. App. 1993).

In this case, the defendant was in custody in the backseat of a police cruiser. Officer Hankins asked the defendant, "Do you have any problem if we look in the car?" The defendant answered that he did not. The trial court found that the facts showed that the consent was freely given. The defendant relies on the assertion that the arrest was unlawful, and therefore, the consent was not valid. Because we have concluded that the arrest was based upon probable cause, we conclude that the search, based upon the consent given after a valid arrest, was reasonable and did not violate the defendant's Fourth Amendment rights.

In consideration of the foregoing and the record as a whole, the judgments of conviction are affirmed.

_____
Joseph M. Tipton, Judge

CONCUR:

_____
John H. Peay, Judge

_____
David G. Hayes, Judge