**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**

**AT KNOXVILLE**

**FEBRUARY SESSION, 1998**

FILED

July 7, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | **)** | **C.C.A. NO. 03C01-9703-CR-00086** |
| | **)** | |
| Appellee, | **)** | |
| | **)** | |
| | **)** | **MONROE COUNTY** |
| **VS.** | **)** | |
| | **)** | **HON. CARROLL ROSS** |
| **RALPH TALLENT,** | **)** | **JUDGE** |
| | **)** | |
| Appellant. | **)** | (DUI) |

ON APPEAL FROM THE JUDGMENT OF THE
CRIMINAL COURT OF MONROE COUNTY

FOR THE APPELLANT:

CHARLES L. BEACH
365 Market Street
Clinton, TN 37716

FOR THE APPELLEE:

JOHN KNOX WALKUP
Attorney General and Reporter

TIMOTHY F. BEHAN
Assistant Attorney General
425 5th Avenue North
Nashville, TN 37243

JERRY N. ESTES
District Attorney General

RICHARD NEWMAN
Assistant District Attorney General
P.O. Box 647
Athens, TN 37303

OPINION FILED _____

APPEAL DISMISSED

JERRY L. SMITH, JUDGE

# OPINION

A Monroe County grand jury indicted Appellant, Ralph Tallent, with charges of Driving Under the Influence. Appellant filed a motion to suppress admission of the breath test. After a hearing, Appellant's motion was denied. Appellant then filed a motion in limine to require the State to lay an appropriate foundation through the testing officer before admitting the results of the breath tests. Appellant then pled guilty pursuant to Rule 37 (b)(2)(i) of the Tennessee Rules of Criminal Procedure.

After a review of the record, we find that this appeal must be dismissed.

In State v. Preston, the Tennessee Supreme Court set out the perquisites for consideration on the merits of a certified question of law pursuant to Rule 37(b)(2)(i).

1. The final order or judgment must contain statement of the dispositive question of law reserved by defendant for appellate review;

2. The order must state that the certified question was expressly reserved as part of a plea agreement;

3. The order must state that both the state and the trial judge have consented to the reservation and are of the opinion that the question is dispositive of the case; and

4. The question of law must be stated so as to clearly identify the scope and the limits of the legal issues reserved.

State v. Preston, 759 S.W.2d 647, 650 (Tenn. 1988) (*Accord* State v. Harris, 919 S.W.2d 619 (Tenn. Crim. App. 1995); State v. Pendergrass, 937 S.W.2d 834 (Tenn. 1996)). In attempting to reserve a question of law, Defendant failed to properly follow the procedure as set out in Preston. The judgment of the trial court reflects that Defendant plead guilty subject to a Rule 37(b) appeal, but fails to set out the question as required under part (i) of the Preston procedure. Further, the order does not contain any indication by either the trial court or the State that the question raised by Defendant is dispositive of this matter.[1]

Accordingly, this appeal is dismissed pursuant to Rule 20 of the Court of Criminal Appeals Rules.

_____
JERRY L. SMITH, JUDGE

CONCUR:

_____
THOMAS T. WOODALL, JUDGE

_____
WILLIAM B. ACREE, JUDGE

---

[1]It appears from the record that Appellant conceded in the trial court that the State had evidence of his guilt other than the results of the breath alcohol test. It is highly questionable therefore whether the issue presented herein can fairly be characterized as dispositive of this case.