**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE**
**AT JACKSON**
**MAY 1998 SESSION**

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | |
| Appellee, | ) | C. C. A. NO. 02C01-9712-CC-00476 |
| | ) | |
| vs. | ) | GIBSON COUNTY |
| | ) | |
| **JANICE FAY DUNCAN and** | ) | NO. 15412 |
| **NICKY LYNN DUNCAN,** | ) | |
| | ) | |
| Appellants. | ) | |

FILED

May 7, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

<u>**O R D E R**</u>

The appellants in this case pled guilty to simple possession of marijuana and were sentenced to eleven months and twenty-nine days and fined $350. It appears the appellants were placed on probation after serving fifteen days in the county jail. Prior to entering the guilty pleas, the appellants filed a motion to suppress all evidence obtained from the search of their residence. After a hearing, the trial court denied the motion. The appellants have attempted to reserve the right to appeal the suppression issue. Based upon our review of the entire record before the Court, including the briefs of the parties, we affirm the judgment of the trial court pursuant to Rule 20, Rules of the Court of Criminal Appeals.

In <u>State v. Preston</u>, 759 S.W.2d 647, 650 (Tenn. 1988), our Supreme Court stated that when a defendant pleads guilty and wishes to reserve a certified question of law pursuant to Tenn. R. Crim. P. 37(b)(2)(i) or (iv), "the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved." <u>Id.</u> at 650. It is the defendant's responsibility to assure that the final order complies with these requirements and that the record on appeal contains the proceedings necessary to a complete determination. <u>Id.</u>

In this case, the appellants failed to explicitly reserve the right to appeal a certified question of law that was dispositive of the case as mandated by Tenn. R. Crim. P. 37(b)(2)(iv) and Preston. "[T]he judgments do not contain an identification of the scope and limits of the legal issue reserved as required. Nor do the judgments contain any statement in satisfaction of the reservation requirements, nor do they contain any statement that the question is dispositive, all explicitly required by Preston." State v. Pendergrass, 937 S.W.2d 834, 837 (Tenn. 1996). As our Supreme Court has stated, these "mandatory" requirements are "unambiguous." Id. In addition, these requirements apply "regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise." Preston, 759 S.W.2d at 650. Nevertheless, the appellants have not included in the record the state's response to their motion, a copy of the transcript of the suppression hearing, or any relevant order of the trial court. Contrary to the appellants' position that they did not want to "clutter[] the record with unnecessary material," this Court cannot review the ruling of the trial court if the nature of the issue, arguments thereon, and the trial court's ruling and reasons are not included in the record.

For these reasons, we are precluded from considering whether the trial court properly denied the appellants' motion to suppress. IT IS, THEREFORE, ORDERED that the judgment of the trial court is affirmed pursuant to Rule 20, Tennessee Court of Criminal Appeals Rules. Costs are taxed to the appellants.

Enter, this the ____ day of May, 1998.

_____

2

JOHN H. PEAY, JUDGE

_____

PAUL G. SUMMERS, JUDGE

3

_____

THOMAS T. WOODALL, JUDGE