# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs September 7, 2011

## STATE OF TENNESSEE v. MICHAEL SHANE SPRINGER

**Direct Appeal from the Circuit Court for Gibson County**
**No. 17764        Clayburn Peeples, Judge**

**No. W2010-02153-CCA-R3-CD  - Filed February 16, 2012**

ALAN E. GLENN, J., concurring in part and dissenting in part.

I agree with the conclusion of the lead opinion that certain of the issues raised by the defendant are beyond the scope of this certified question.  However, I would go a step further and hold that the certified question itself is deficient, meaning that this court is without jurisdiction and the appeal should be dismissed.

The certified question in this appeal states as follows:

> Whether the Trial Court erred in failing to grant the defendant's Motion to Dismiss alleging the State violated the provisions of the Interstate Agreement on Detainers (T.C.A. § 40-31-101 et seq., U.S. Code Title 18-App) and the anti-shuttling provisions therein pursuant to Alabama v. Bozeman, 5[3]3 U.S. 146 (2001).

For reasons which I will explain, I conclude that this language is inadequate and, therefore, would dismiss the appeal.

According to the certified question, the State violated the defendant's rights under the Interstate Agreement on Detainers Act ("IAD") both in general, and more specifically, its anti-shuttling provisions, in a manner in which the question does not allege.

In State v. Preston, 759 S.W.2d 647 (Tenn. 1988), our supreme court emphasized that the burden is on the defendant to ensure that the conditions for properly preserving a question of law pursuant to Rule 37 have been met:

> This is an appropriate time for this Court to make explicit to the bench and bar exactly what the appellate courts will hereafter require as prerequisites

to the consideration of the merits of a question of law certified pursuant to Tenn. R. Crim. P. 37(b)(2)(i) or (iv). Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved. For example, where questions of law involve the validity of searches and the admissibility of statements and confessions, etc., the reasons relied upon by defendant in the trial court at the suppression hearing must be identified in the statement of the certified question of law and review by the appellate courts will be limited to those passed upon by the trial judge and stated in the certified question, absent a constitutional requirement otherwise. . . . No issue beyond the scope of the certified question will be considered.

Id. at 650.

In State v. Pendergrass, 937 S.W.2d 834 (Tenn. 1996), our supreme court applied the holding in Preston in concluding that the following statement in a court order, even if timely, would not have sufficiently stated a certified question:

It appears that the Defendant, SHERYL PENDERGRASS, by and through counsel, has timely filed a Notice of Appeal in this case. The Defendant is appealing a certified question of law with regard to a Motion to Suppress evidence.

It appears that the Defendant filed a Motion to Suppress evidence based upon allegations that the State illegally obtained evidence by listening to conversations of the Defendant and other persons by electronically monitoring the Defendant's cordless telephone conversations. This Motion was heard on August 14, 1992. The Court entered an order overruling the Defendant's Motion. Subsequently on November 23, 1992 a hearing was had to supplement the record and the Court duly considered all the new evidence presented with regard to the suppression of the evidence and after considering all of the other evidence entered another order overruling the Motion to Suppress. The Defendant entered a plea of guilty on that day and subsequently a sentencing hearing was held on January 15, 1993.

The Defendant has now timely filed a Notice of Appeal and has explicitly reserved with consent of the State and of the trial court the right to

appeal the certified question of law that is dispositive of the case.

In the Court of Criminal Appeals, the State sought dismissal of the appeal on the ground that the defendant had failed to comply with the requirements of Tenn. R. Crim. P. 37 as it was interpreted in Preston. While concluding that the January 15, 1993 judgments failed to satisfy Rule 37 and Preston, the intermediate court refused to dismiss the appeal, finding that the February 19, 1993 order constituted substantial compliance. The Court of Criminal Appeals then affirmed the trial court's judgment on the merits, however, finding that the surveillance did not violate the defendant's constitutional rights.

Id. at 835-36.

The court in Pendergrass explained that this language did not adequately set the limits of the certified question:

Moreover, assuming for the sake of argument that the trial court had jurisdiction on February 19, 1993, its order on that date is still insufficient under Preston. We have reviewed the February 19th order and have concluded that it does not satisfy the unambiguous mandatory prerequisites of Preston. The order contains no clear identification of the scope and limits of the legal issue reserved. Such an omission makes it impossible for appellate courts to exercise their proper function, which is the review of final judgments of trial courts. Under Preston, review on appeal must be limited to those issues "passed upon by the trial judge and stated in the certified question. . . ."

Id. at 838 (quoting Preston, 759 S.W.2d at 650).

Subsequent holdings of this court have further explained the specificity required of certified questions. In State v. Nicholas J. Johnson, No. M2000-03162-CCA-R3-CD, 2001 WL 1356369, at *2 (Tenn. Crim. App. Nov. 6, 2001), perm. to appeal denied (Tenn. Apr. 8, 2002), this court concluded that a certified question as to "'the validity of the search and seizure of the' Appellant" was so broad that its resolution "would potentially require a complete dissertation of the law of search and seizure of which this court is not willing to engage in absent specific boundaries circumscribed by the Appellant." Similarly, although the defendant argued on appeal that the plain view, exigent circumstances, and inventory exceptions to the warrant requirement were not applicable in his case, his failure to limit the certified question in this same way meant that it was overly broad and, as a result, this court was without jurisdiction to consider it. State v. Maurice Edward Carter, No.

M2010-00063-CCA-R3-CD, 2011 WL 3303714, at *11 (Tenn. Crim. App. 2011), perm. to appeal denied (Tenn. Nov. 15, 2011); see also State v. John Anthony Partin, No. M2010-00190-CCA-R3-CD, 2011 WL 676183, at *3 (Tenn. Crim. App. Feb. 24, 2011) ("Appellant's certified question sets out neither specific facts about the encounter that constitute a violation of the federal and state constitutions as well as the laws of Tennessee nor in what way the encounter violated the constitutions and laws."); State v. James F. Mason, No. M2010-01350-CCA-R3-CD, 2011 WL 856934, at *4 (Tenn. Crim. App. Mar. 11, 2011) (certified question as to "[w]hether the magistrate had probable cause in the issuance of the search warrant in this case" was insufficient because it did "not mention a confidential informant, reliability, staleness, or a sufficient nexus, all of which would presumably be central to the Defendant's claim. As framed, the question is quite nonspecific and fails to clearly identify the scope and limits of the legal issue reserved.").

In this matter, the certified question asks whether, as to the defendant, the State violated the IAD or the anti-shuttling provisions "therein pursuant to Alabama v. Bozeman." While the broad question of whether a violation of the IAD occurred is limited somewhat by the claimed violation of the anti-shuttling provisions, the fact remains that the question refers to no facts which, in the defendant's view, constitute the violation. Assessing the defendant's claim would require reviewing all of the many possible ways in which the IAD anti-shuttling provisions could be violated. See George L. Blum, Annotation, Construction and Application of Article IV of Interstate Agreement on Detainers (IAD): Issues Related to "Anti-Shuttling" Provision, Dismissal of Action Against Detainee, and Adequacy of Certificate, 52 A.L.R.6th 1 (2010). Thus, based upon the authorities set out previously, I conclude that the defendant has failed to present a proper certified question, and, as a result, we are without jurisdiction in this matter.

Accordingly, I would dismiss the appeal.

_____
ALAN E. GLENN, JUDGE

-4-