FILED
04/10/2019
Clerk of the
Appellate Courts

IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 16, 2018

## STATE OF TENNESSEE v. MALCOLM WADE FRAZIER

**Appeal from the Circuit Court for Van Buren County**
**No. 2660-F   Larry B. Stanley, Jr., Judge**

————————————————————

### No. M2017-02486-CCA-R3-CD

————————————————————

Defendant, Malcolm Wade Frazier, pleaded guilty to one count of possessing more than 0.5 grams of methamphetamine with intent to deliver after the trial court's denial of Defendant's motion to suppress.  Defendant received an eight-year sentence.  Pursuant to Tennessee Rule of Criminal Procedure 37, Defendant attempted to reserve two certified questions of law.  Because the certified questions fail to identify the scope and limits of the legal issue reserved, we conclude that we are without jurisdiction to consider this appeal, and therefore it is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which D. KELLY THOMAS, JR., and ROBERT H. MONTGOMERY, JR., JJ., joined.

Thomas K. Austin, Dunlap, Tennessee, for the appellant, Malcom Wade Frazier.

Herbert H. Slatery III, Attorney General and Reporter; Alexander C. Vey, Assistant Attorney General; Lisa Zavogiannis, District Attorney General; and Randall Gilliam, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

*Motion to suppress*

Van Buren County Sheriff Eddie Carter testified that on September 24, 2014, he and Deputy Matt Majors were driving "on a dirt road in the middle of a wooded area in which [he] had received complaints of drug traffic."  Sheriff Carter testified that it was late at night, and they were driving an unmarked pickup truck.  Sheriff Carter was dressed in plain clothes, rather than uniform.

Sheriff Carter testified that they encountered Defendant and a female passenger, "Ms. Hill." Sheriff Carter stopped his vehicle beside Defendant's vehicle, and they were "facing each other and stopped window to driver window." He testified that Defendant initially mistook him for a friend. Sheriff Carter then "lit [Defendant] up with a flashlight to let him know who [he] was." Sheriff Carter maintained visual contact with Defendant and directed Deputy Majors to go around to the passenger side of Defendant's vehicle because Ms. Hill was "hiding stuff and moving stuff inside [Defendant's] vehicle." Sheriff Carter then pulled his vehicle forward so that he could exit the vehicle. He walked back to Defendant's vehicle and "saw him stick something down his shirt." Sheriff Carter did not see what the object was, he "just seen [sic] the motion and knew he shoved something in his shirt to conceal something." Sheriff Carter told Defendant to "give that to [him]," and Defendant responded, "[a]re you sure?" Defendant identified himself to Sheriff Carter and pulled out a cigarette pack containing six grams of methamphetamine. Sheriff Carter testified that Deputy Majors "had already made encounters with Ms. Hill and seeing paraphernalia inside the truck so [they] continued the investigation." He testified, "I think he seen [sic] Ms. Hill with something. I can't recall exactly what he seen [sic]." After Defendant handed Sheriff Carter the methamphetamine, Sheriff Carter arrested him.

On cross-examination, Sheriff Carter testified that Defendant did not violate any traffic laws. He testified, "there was no investigation initially. We just met and he spoke to me as [if] I was his friend or whatever." Sheriff Carter testified that he called another deputy, Nick Sapp, to the scene, and Deputy Sapp completed the arrest report. The arrest report stated that Sheriff Carter and Deputy Majors noticed a suspicious vehicle driving off the roadway. Sheriff Carter testified, "I don't recall his report, but we had to both drive off the roadway to pass" on the narrow, one-lane road. Sheriff Carter testified that when he encountered Defendant, "neither one of us was suspicious."

At the conclusion of the hearing, the trial court denied Defendant's motion to suppress. The trial court found,

> . . . . when the sheriff demanded that the defendant give him what was in his shirt, the defendant was not free to leave at that point. I think up until then he probably was. I don't think he could defy a direct order from the law enforcement officer once he knew who he was and that that order had been given. But at that time I think the sheriff had a reasonable and articulable suspicion that there was criminal activity based on what he witnessed from the passenger and from the defendant putting something down inside of his shirt. So I think he had a right at that point to investigate further and once he did, then that was – once he

discovered what was in the package, he certainly had a right to arrest the defendant and the passenger.

Following the trial court's denial of Defendant's motion to suppress, Defendant pleaded guilty to one count of possession of more than 0.5 grams of methamphetamine with intent to deliver. Defendant reserved the following certified questions:

> 1. Whether the Defendant was unlawfully detained by the Van Buren County Sheriff's Department pursuant to the 4th Amendment of the United States Constitution and Article 1 Section 7 of the Tennessee Constitution?
>
> 2. Whether the Defendant was unlawfully searched by the Van Buren County Sheriff's Department pursuant to the 4th Amendment to the United States Constitution and Article 1 Section 7 of the Tennessee Constitution?

*Analysis*

The State argues that this court lacks jurisdiction over Defendant's appeal because Defendant failed to properly reserve the certified questions of law. The State argues that Defendant's certified questions are overly broad and nonspecific, and therefore fail to satisfy the requirements of Rule 37.

Tennessee Rule of Criminal Procedure 37(b)(2)(A) provides that an appellant may appeal from any judgment of conviction occurring as a result of a guilty plea if the following requirements are met:

> (i) the judgment of conviction or order reserving the certified question that is filed before the notice of appeal is filed contains a statement of the certified question of law that the defendant reserved for appellate review;
>
> (ii) the question as stated in the judgment or order reserving the certified question identifies clearly the scope and limits of the legal issue reserved;
>
> (iii) the judgment or order reserving the certified question reflects that the certified question was expressly reserved with the consent of the state and the trial court; and

(iv) the judgment or order reserving the certified question reflects that the defendant, the state, and the trial court are of the opinion that the certified question is dispositive of the case[.]

Tenn. R. Crim. P. 37(b)(2)(A); *State v. Preston*, 759 S.W.2d 647, 650 (Tenn. 1988).

In *Preston*, our supreme court explicitly provided prerequisites to appellate consideration of a certified question of law under Rule 37(b)(2). The court stated:

> Regardless of what has appeared in prior petitions, orders, colloquy in open court or otherwise, the final order or judgment from which the time begins to run to pursue a T.R.A.P. 3 appeal must contain a statement of the dispositive certified question of law reserved by defendant for appellate review and the question of law must be stated so as to clearly identify the scope and the limits of the legal issue reserved.

*Id*. at 650. The requirements of Rule 37, as articulated in *Preston*, are "explicit and unambiguous" and are strictly construed. *State v. Day*, 263 S.W.3d 891, 899 (Tenn. 2008). To clearly identify the scope and limits of a question like "the validity of searches," the defendant's certified question must identify "the reasons relied upon by the defendant in the trial court at the suppression hearing." *Preston*, 759 S.W.2d at 650.

Defendant's certified questions ask whether Defendant was "unlawfully detained" and whether he was "unlawfully searched" by the Van Buren County Sheriff's Department in violation of the 4th Amendment to the United States Constitution and Article 1, Section 7 of the Tennessee Constitution. Neither question identifies the nature of the detention or search, and neither question articulates the reason Defendant argues the detention and search were unlawful. Defendant has also failed to state the reasons the trial court relied upon in denying his motion.

This court has previously required certified questions of law to be narrowly framed. In *State v. Nicholas J. Johnson*, this court concluded that it did not have jurisdiction of the case because the defendant failed to identify the scope and limits of the legal issue reserved within the expansive area of search and seizure law:

> In the present case, the issue reserved is "the validity of the search and seizure of the" Appellant. This overly broad question violates the mandates announced in *Preston*. The question is not only patently non-specific but also does not clearly identify the reasons relied upon by the Appellant at the suppression hearing. Additionally, review of the question as presently framed would potentially require a complete

dissertation of the law of search and seizure of which this court is not willing to engage in absent specific boundaries circumscribed by the Appellant. The holding of *Preston* created a bright-line rule regarding the prerequisites for a Rule 37(b)(2)(i) appeal from which this court may not depart. *See generally Preston*, 759 S.W.2d at 650; *but see State v. Harris*, 919 S.W.2d 619, 621 (Tenn. Crim. App. 1995) (issue need not be framed in standard "law school" format; statement satisfies *Preston* if appellate court can ascertain from the record the scope of the issue presented).

No. M2000-03162-CCA-R3-CD, 2001 WL 1356369, at *2 (Tenn. Crim. App. at Nashville, Nov. 6, 2001) (footnote omitted), *perm. app. denied* (Tenn. Apr. 8, 2002).

We conclude that the certified questions presented by Defendant fail to precisely identify the scope and limits of the legal issue reserved. *See* Tenn. R. Crim. P. 37(b)(2)(A)(ii). A certified question involving detention and/or search of a defendant should clarify whether it was warrantless or pursuant to a warrant. Plus some of the issues would include, but not be limited to the following. If without a warrant: (1) is consent an issue? (2) is a lack of probable cause and/or reasonable suspicion of criminal activity an issue? (3) were any other exceptions to the warrant requirement presented at the hearing? If a search or seizure is made pursuant to a warrant, is a defect in the warrant or a lack of probable cause to issue the warrant an issue? Is there an issue as to whether a good faith exception to the exclusionary rule is applicable?

In attempting to reserve the question of whether Defendant was "unlawfully searched" and "unlawfully detained" in violation of the Fourth Amendment of the United States Constitution and Article I, Section 7 of the Tennessee Constitution, Defendant asks this court to conduct a complete overview of search and seizure law as applied to the facts of this case. This court has repeatedly declined to engage in or conduct such an overview. *See, e.g., State v. Tanya Finney*, No. M2011-01221-CCA-R3-CD, 2012 WL 5451752, at *2-4 (Tenn. Crim. App. Oct. 29, 2012), *no perm. app. filed*; *State v. Jennifer Lynn Mosier*, No. W2017-01125-CCA-R3-CD, 2018 WL 2460015, at *2-3 (Tenn. Crim. App. May 31, 2018), *no perm. app. filed*; *State v. James Anthony Johnson, Jr.*, No. E2012- 01212-CCA-R3-CD, 2013 WL 3958448, at *2-4 (Tenn. Crim. App. July 30, 2013), *perm. app. denied* (Tenn. Dec. 10, 2013). We agree with the State that this appeal must be dismissed.

CONCLUSION

Upon review, we conclude that Defendant did not properly identify the scope and limits of the issue reserved in his certified questions of law, and we are without jurisdiction to consider the appeal.  Accordingly, the appeal is dismissed.

_____
THOMAS T. WOODALL, JUDGE